IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH L. WARN,

    Plaintiff, Counterclaim Defendant,

v.

JANAY SEARS,

    Defendant, Counterclaim Plaintiff.

Civil No. **23-2466 PJM**

# MEMORANDUM OPINION

This is a breach of contract and fraud dispute between two former romantic partners, Kenneth Warn and Janay Sears. ECF No. 4 ¶¶ 5-6 and ¶ 20. Sears has filed a *pro se* Motion to Quash Deposition (ECF No. 35) and Motion to Disqualify Counsel (ECF No. 36). Warn has filed counseled oppositions to both Motions (*see* ECF Nos. 37, 38). No hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons that follow, the Court will **GRANT** without prejudice Sears' Motion to Quash Deposition (ECF No. 35) and **DENY** Sears' Motion to Disqualify Counsel (ECF No. 36).

## I.  Background

Before turning to the particulars of Sears' Motions, the Court provides a brief overview of this litigation and the underlying claims. On September 11, 2023, Warn filed what appeared to be a *pro se* three-count Complaint against Sears alleging that, over the course of a year or so, she induced him to enter into certain "investment" contracts, whereby Sears would take Warn's money and invest it in a fund that would realize substantial gains. *See* ECF No. 4. Warn also says that Sears told him he could periodically review his account balance and demand dividends to be paid

1

out of his investment account. *Id.* Whenever he sought to take these actions, says Warn, he was either ignored or rebuffed by Sears. *Id.* Nonetheless, Warn continued to "invest" with Sears, to the tune of nearly half-a-million dollars. *Id.* Eventually, Warn came to believe that Sears had not, in fact, invested his money, and he concluded that she had misrepresented material facts about herself and the supposed investment scheme to convince him to part ways with his money. *Id.* Warn's Complaint consists of claims for breach of contract, fraud, and breach of fiduciary duty. *Id.* He seeks the return of all the money that he gave to Sears. *Id.*

Soon after Warn filed his Complaint, Sears filed a Motion to Dismiss and an Answer in which she asserts three counterclaims against Warn—one for breach of contract, one for quantum meruit, and one for promissory estoppel. *See* ECF No. 7.

On December 18, 2023, the Court issued a Memorandum Opinion and Order denying Sears' Motion to Dismiss. *See* ECF Nos. 10, 11. In its Opinion, the Court strongly encouraged both parties—who, at that point, appeared to be unrepresented—to retain counsel in connection with this case. ECF No. 10 at 4 n.3.

Thereafter, the case was set to proceed to discovery. *See* ECF No. 12. In the months since, Sears filed a couple of premature evidentiary motions, *see* ECF Nos. 19, 22, which the Court denied without prejudice in a Memorandum Order dated May 2, 2024. *See* ECF No. 24. In its Memorandum, the Court noted that the parties' briefing on Sears' motions revealed that Warn may have been receiving the assistance of counsel who had, to that point, not entered an appearance in this case on Warn's behalf. *See id.* To remedy this, the Court ordered the parties to disclose any and all attorneys who have assisted them in this litigation. *See id.* at 2.

On May 13, 2024, Robert Loventhal, Esq., filed a Motion to Appear *Pro Hac Vice* on Warn's behalf. On May 15, 2024, Loventhal's Motion was granted by the Clerk of Court.

2

Since appearing in this case on Warn's behalf, Loventhal has noticed the deposition of Sears pursuant to Federal Rule of Civil Procedure 30. Sears' present Motions seek to quash her deposition and have Loventhal disqualified from representing Warn. *See* ECF Nos. 35, 36.

## II. Sears' Motion to Quash Deposition

Sears's Motion seeks to quash her deposition on the grounds that the deposition notice issued by Loventhal "fails to identify the issuing attorney(s) full address, bar license number, and corresponding phone number of location." ECF No. 35 at 1. Sears continues that the notice "fails to state the basis for the request," allowing Warn's attorney, Loventhal, to "grant[] [his] client the task of Deposing a Defendant without preparation or legal standards; other than utilizing a proxy to appear official." ECF No. 36 at 1-2. She also claims that Warn should not be permitted to "conduct a Deposition on the Defendant under a conflict of parties as to open criminal charges against the Plaintiff in Montgomery County, Maryland, set for arraignment on July 1, 2024; filed by the Defendant." *Id.* at 3. In response, Warn maintains that the Notice is compliant with Federal Rule of Civil Procedure 30(b)(1) because it provides Sears, the deponent, reasonable notice of the time, place, and manner of the deposition (June 19, 2024, via Zoom). *See* ECF No. 37.

Rule 30(a)(1) provides that a "party may, by oral questions, depose any person, including a party, without leave of court." Under Rule 30(b), a notice of deposition must "give reasonable written notice to every other party. Such notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b). If the parties do not stipulate to a remote deposition, the Court may order it to proceed remotely after a party has filed an appropriate motion. *See* Fed. R. Civ. P. 30(b)(4).

Here, Sears is a party to this case, so she can be deposed. *See* Fed. R. Civ. P. 30(a)(1). The notice sent to her by Loventhal is largely compliant with the notice requirements of Rule 30(b),

3

with the exception that the notice does not identify Sears' address. *See* ECF No. 37 at 7. Warn claims that he could not comply with this requirement because Sears' address is unknown to him. *See* ECF No. 37 at 1. More fundamentally, however, the notice is defective because it seeks to unilaterally impose on Sears a requirement that she appear for her deposition remotely.

As to Sears' concern regarding Warn's attendance of her deposition, it is generally recognized that "any party . . . can attend depositions in the case." *Bell ex rel. Estate of Bell v. Bd. of Educ. of Cty. of Fayette*, 225 F.R.D. 186, 196 (S.D. W. Va. 2004). However, courts may preclude individuals from attending a deposition "where there was physical contact or multiple threatening encounters between the party and deponent." *Garey v. Anderson*, No. 2:22-CV-0069-TOR, 2023 U.S. Dist. LEXIS 237221, at *4 (E.D. Wash. Mar. 22, 2023) (citing *Esebag v. Whaley*, No. CV 18-08446 R (RAO), 2019 WL 8013118, at *3 (C.D. Cal. Sept. 9, 2019) (collecting cases)).

Although Sears has filed a criminal complaint against Warn in the District Court for Montgomery County,[1] Sears' concerns about contact with Warn may, in the Court's view, be ameliorated by permitting her deposition to proceed remotely and with the condition that Warn, should he choose to attend, observe (not participate in) the deposition and conduct himself in a civil manner. But the Court cannot order that the deposition take place remotely without first being presented with such a request in an appropriate motion by the party noticing the deposition.

In sum, should Warn wish to take Sears' deposition remotely, he must file a motion pursuant to Rule 30(b)(4) with the Court and will have thirty (30) days from the date of this Opinion and the accompanying Order to do so. Further, while Warn will not be precluded from observing Sears' deposition, he must act within the standards held to those in attendance. Should Warn fail to comport himself in a civil manner in accordance with his role as an observer of the

---

[1] *See Maryland v. Warn*, D-06-CR-24-004080.

deposition, Sears may file a motion for sanctions against Warn and his attorney pursuant to Rule 11 after the deposition takes place.

### III. Sears' Motion to Disqualify Counsel

Sears seeks to disqualify Loventhal from representing Warn on the ground that Loventhal is practicing in Illinois without being licensed to do so by the Illinois bar. *See* ECF No. 36. She also faults Loventhal for not properly identifying himself or his firm in email correspondence with her. *See id.* In response to Sears' allegation that he is impermissibly practicing in Illinois, Loventhal states that he "does not practice in Illinois except to occasionally bring an action" in the Northern District of Illinois "consistent with the rules of court for the appearance of out of state counsel." *See* ECF No. 38 at 1. Loventhal also explains that any misidentification is due to an irreversible typo from when he initially set up his email address—causing the "Sender" line of emails from Loventhal to read "Will Se," not "Robert Loventhal." *Id.*

"Disqualification is a drastic remedy since it deprives litigants of their right to freely choose their own counsel." *Gross v. SES Americom, Inc.*, 307 F. Supp. 2d 719, 722 (D. Md. 2004) (citing *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995); *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992)). In assessing a motion to disqualify, the court must strike a "balance between the client's free choice of counsel and the maintenance of the highest and professional standards of the legal community." *Buckley*, 908 F. Supp. at 304. As a result, the moving party "bear[s] 'a high standard of proof to show that disqualification is warranted.'" *Lloyd v. Balt. Police Dep't*, Civ. No. 23-cv-1987-ABA, 2024 U.S. Dist. LEXIS 61883, at *7 (D. Md. Apr. 4, 2024) (quoting *Franklin v. Clark*, 454 F. Supp. 2d 356, 365 (D. Md. 2006)).

Sears has not met the high standard of proof required to show that disqualification is warranted here. Beyond pointing to Loventhal's Illinois address—which, it turns out, is for a

residential property—Sears has not presented any evidence that Loventhal has held himself out to be an Illinois-licensed attorney. *See* Ill. R. of Prof. Conduct 5.5(b) ("A lawyer who is not admitted to practice in this jurisdiction shall not: . . . hold out to the public or otherwise represent that the attorney is admitted to practice law in this jurisdiction."). Nor has she presented evidence to suggest that Loventhal's conduct is so egregious as to merit the "drastic remedy" of disqualifying counsel for the opposing party. *Gross*, 307 F. Supp. 2d at 722.[2]

The Court will **DENY** Sears' Motion to Disqualify Counsel (ECF No. 36).

## Conclusion

For the foregoing reasons, the Court **ORDERS** that:

1. Sears' Motion to Quash Deposition (ECF No. 35) is **GRANTED** without prejudice, and Warn is granted leave to request to take Sears' deposition remotely by filing an appropriate Motion within thirty (30) days of this Order;

2. Sears' Motion to Disqualify Counsel (ECF No. 36) is **DENIED**;

3. The Clerk **SHALL** send a copy of this Memorandum Opinion and the accompanying Order to Sears at her address listed on the case's docket.

A separate Order will **ISSUE**.

June 18, 2024

PETER J. MESSITTE
U.S. District Judge

---

[2] The Court cautions Loventhal that as an attorney admitted *pro hac vice*, he is subject to the Court's Local Rules, including the requirements that attorneys maintain "civility in all dealings," by "showing respect for differing points of view, and demonstrating empathy for others." Md. Att'ys Rules of Prof. Conduct App'x 19-B; *see* D. Md. Local R. 704 (adopting rules of professional conduct as promulgated by the Maryland Supreme Court). He is also subject to this Court's disciplinary proceedings should he fail to act in accordance with those Rules. *See* D. Md. Local R. 703.