## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KENNETH L. WARN,                                    *
                                                    *
    Plaintiff, Counterclaim Defendant,          *
                                                    *
v.                                                  *            Civil No. 8:23-02466-PJM
                                                    *
JANAY SEARS,                                        *
                                                    *
    Defendant, Counterclaim Plaintiff.          *
                                                    *

### MEMORANDUM OPINION

In this breach of contract and fraud dispute between two former romantic partners, Kenneth Warn has filed a Motion to Allow Remote Deposition of Janay Sears (ECF No. 46). Sears has filed a *pro se* Motion for Protective Order of Deposition (ECF No. 47) and a Motion for Gag Order (ECF No. 49). Sears also filed a document titled "Defendant's Contentions with the Plaintiff" (ECF No. 48). Warn has filed counseled oppositions to both of Sears' Motions (*see* ECF Nos. 51, 52).

No hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons that follow, the Court will **GRANT** Warn's Motion to Allow Remote Deposition (ECF No. 46), **DENY** Sears' Motion for Protective Order of Deposition (ECF No. 47), and **DENY** Sears' Motion for Gag Order (ECF No. 49). To the extent Sears' filing titled "Defendant's Contentions with the Plaintiff" (ECF No. 48) may be construed as a Motion for Protective Order, it will also be **DENIED.**[1]

---

[1] Sears' filing titled "Defendant's Contentions with the Plaintiff" may be liberally construed as a Motion for Protective Order to govern the designation and production of confidential materials. *See* ECF No. 48. Courts may, "for good cause, issue an order to protect" confidential materials produced in discovery. Fed. R. Civ. P. 26(c). The requisite "good cause" may be shown by "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 140 (D. Md. 2011) (citations omitted). Beyond stating that certain testimony or documents produced in discovery may be confidential or sensitive, Sears has not shown how or why those materials should be kept confidential. Accordingly, to the extent Sears' filing may be construed as a Motion for Protective Order, it is **DENIED WITHOUT PREJUDICE**. If Sears remains concerned about public dissemination of documents or testimony produced in discovery, she is encouraged to discuss her concerns with counsel for Warn, and the parties may thereafter file a Motion seeking the entry of a Confidentiality Order. *See* D. Md. R. 104.13. A template

## I.   BACKGROUND

The Court previously set forth in detail the factual and procedural background of this case in its prior Memorandum Opinions, which the Court incorporates here by reference.[2]   On September 11, 2023, Warn filed a *pro se* Complaint against Sears alleging claims of breach of contract, fraud, and breach of fiduciary duty. *See* ECF No. 1. Sears has since asserted three counterclaims against Warn—one for breach of contract, one for quantum meruit, and one for promissory estoppel. *See* ECF No. 7.

On May 23, 2024, Sears filed Motions to Quash Deposition and to Disqualify Counsel. *See* ECF Nos. 35, 36.  Shortly thereafter, the Court issued a Memorandum Opinion and Order granting Sears' Motion to Quash Deposition without prejudice and denying Sears' Motion to Disqualify Counsel. *See* ECF Nos. 44, 45. The Court granted Warn leave to request to take Sears' deposition remotely by filing an appropriate Motion within thirty (30) days of that prior Order. *See* ECF No. 45.

The present Motions followed.

## II.   DISCUSSION

### A. Warn's Motion to Allow Remote Deposition and Sears' Motion for Protective Order

Warn asks the Court to "allow a remote deposition of the Defendant, Janay Sears, on August 14, 2024, by Zoom." ECF No. 46 at 1. Sears' Motion for Protective Order is effectively an opposition to Warn's Motion, as she asks the Court to issue an order preventing her remote deposition. *See* ECF No. 47.

---

of a Stipulated Order Regarding Confidentiality of Discovery Materials may be found in Appendix D of the Court's Local Rules.  If the parties cannot stipulate to a Confidentiality Order, Sears may file a new Motion for Protective Order setting forth the conditions she would like to be implemented and the reasons justifying such conditions.
[2] *See Warn v. Sears*, 2024 U.S. Dist. LEXIS 108390, *1-3 (D. Md. Jun. 18, 2024); *Warn v. Sears*, 2023 U.S. Dist. LEXIS 224302, *1-5 (D. Md. Dec. 18, 2023).

Under Rule 30(b)(4), "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The moving party must provide a legitimate reason to conduct the deposition remotely. *Macias v. Monterrey Concrete LLC*, 2020 U.S. Dist. LEXIS 202942, at *5 (E.D. Va. Oct. 30, 2020) (citations omitted). "Cost is a legitimate concern" that may justify taking a deposition remotely. *Revak v. Miller*, 2019 U.S. Dist. LEXIS 250910, at *4 (E.D.N.C. Oct. 18, 2019). If the movant makes this threshold showing, "the burden then shifts to the opposing party to show how [she] would be prejudiced" if the deposition were taken remotely. *Macias*, 2020 U.S. Dist. LEXIS 202942, at *5 (citations omitted). A party opposing a remote deposition must make a "particularized" showing of prejudice; a remote deposition will not be barred based on the opposing party's mere "preference for an in-person deposition." *United States v. 2003 BMW X5 SUV*, 2015 U.S. Dist. LEXIS 66181, *4 (D. Md. May 15, 2015) (citation omitted). Ultimately, the manner in which a deposition is taken "is left to the discretion of the court after a balancing of hardship and prejudice." *Revak*, 2019 U.S. Dist. LEXIS 250910, at *4.

Warn argues that it is in the "interest of judicial economy" for Sears' deposition to take place by Zoom because Warn's lead counsel is based in the Chicago area and Sears is based in Washington, D.C. ECF No. 46. In response, Sears contends that the deposition must occur in person or through written questions because, according to Sears, Zoom is not a secure videoconferencing platform. *See* ECF No. 47. She makes vague references to public reporting of Zoom's alleged privacy protection failures, *see id.*, and reiterates her request that the Court prevent Warn from attending the remote deposition because he is subject to a criminal complaint she filed against him in Maryland state court, *see id.*

Although "not always dispositive," cost is viewed as a legitimate justification for allowing depositions to occur remotely. *See Revak*, 2019 U.S. Dist. LEXIS 250910, at *4 (citing *Webb v. Green Tree Servicing, LLC*, 283 F.R.D. 276, 279 (D. Md. 2012)). As another Judge of this Court has previously opined, we now operate in an "era of Zoom depositions." *Newman v. Direct Energy, L.P.*, 2023 U.S. Dist. LEXIS 64833, at *9 (D. Md. Apr. 12, 2023). Given the facts of this case and the expense associated with an in-person deposition of Sears, the Court concludes that Warn's counsel should be permitted to depose her remotely, and that Warn should be permitted to *observe*, but not participate in, Sears' remote deposition.

Sears' arguments to the contrary are unpersuasive. Her concerns about Zoom's data security are extremely broad and not particularized as to why she would be "prejudiced" by a remote deposition. *Webb*, 283 F.R.D. at 280 (citation omitted).[3] Moreover, as the Court previously stated, Sears' concern about contact with Warn should be "ameliorated by permitting her deposition to proceed remotely and with the condition that Warn, should he choose to attend, observe (not participate in) the deposition and conduct himself in a civil manner." *Warn*, 2024 U.S. Dist. LEXIS 108390, at *5–6. The Court reiterates its earlier caution that if Warn "fail[s] to comport himself in a civil manner in accordance with his role as an observer of the deposition, Sears may file a motion for sanctions against Warn and his attorney pursuant to Rule 11 after the deposition takes place." *Id.*

Accordingly, Warn's Motion to Allow Remote Deposition (ECF No. 46) is **GRANTED**, and Sears' Motion for Protective Order (ECF No. 47) is **DENIED**.

---

[3] As noted, remote depositions by Zoom are now commonplace across this jurisdiction and elsewhere. *See, e.g., Nationwide Prop. & Cas. Ins. Co. v. Fireline Corp.*, 2024 U.S. Dist. LEXIS 43892, *11 (D. Md. Mar. 13, 2024) ("fact depositions . . . were conducted via Zoom"); *Williams v. PUMA N. Am., Inc.*, 2020 U.S. Dist. LEXIS 212147, at *3 (D. Md. Nov. 12, 2020) ("[Plaintiff's] deposition was conducted remotely via Zoom"). Sears' generalized complaints about the technology offer no reason to depart from this routine practice, whether through an in-person deposition or one that proceeds by written questions.

### B. Sears' Motion for Gag Order

Sears' Motion asks the Court for an order preventing Warn from making any public statements regarding this case. ECF No. 49 at 5. Her request is predicated on her belief that Warn has allegedly slandered and defamed her in unrelated proceedings between the parties in state court. *Id.* at 3.

The Fourth Circuit has recognized that "gag orders warrant a most rigorous form of review because they rest at the intersection of two disfavored forms of expressive limitations: prior restraints and content-based restrictions." *In re Murphy-Brown, LLC*, 907 F.3d 788, 796–97 (4th Cir. 2018). Indeed, gag orders are "presumptively unconstitutional." *Id.* at 797. Gag orders may issue only under an exceptionally narrow set of circumstances, such as when publicity surrounding a case is so pervasive and distorting that the task of empaneling an impartial jury would be compromised. *See id.* at 797–98 (citing *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 569 (1976)).

Sears' Motion unquestionably fails to meet the exceedingly high bar to rebut the presumption of a gag order's unconstitutionality in this case. Although Sears says that Warn has repeatedly made defamatory statements and lied under oath in state-court proceedings, ECF No. 49 at 1–6, Sears' statements are mere conclusory allegations. More fundamentally, there is nothing to suggest that this case has inspired *any* "press coverage," let alone publicity so pervasive and distorting so as to taint the opinions of a possible future jury pool. *In re Murphy-Brown, LLC*, 907 F.3d at 797–98.

Accordingly, Sears' Motion for Gag Order (ECF No. 49) is **DENIED.**

### IV. CONCLUSION

For the foregoing reasons, the Court will **ORDER**:

1. Warn's Motion to Allow Remote Deposition (ECF No. 46) is **GRANTED.**

2. Sears' Motion for Protective Order of Deposition (ECF No. 47) is **DENIED**.

3. Sears' Motion for Gag Order against Kenneth L. Warn (ECF No. 49) is **DENIED**.

4. To the extent Sears' filing titled, "Defendant's Contentions with the Plaintiff" (ECF No. 48) may be construed as a Motion for Protective Order, it is **DENIED WITHOUT PREJUDICE**.

A separate Order will issue.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 24, 2024