IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH L. WARN,

    *Plaintiff/Counter-Defendant,*

    v.

JANAY SEARS,

    *Defendant/Counter-Plaintiff.*

Civil No. **23-2466 PJM**

## MEMORANDUM OPINION

In this breach of contract, fraud, and breach of fiduciary duty case, Kenneth Warn has sued Janay Sears. Warn has filed a Motion to Compel Discovery and for Sanctions (ECF No. 61) after Sears failed to appear for a remote deposition. The day after the Motion was filed, Sears filed a Response in Opposition (ECF No. 62). The Court finds no hearing necessary. D. Md. Local R. 105.6. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Warn's Motion to Compel Discovery and for Sanctions (ECF No. 61).

### BACKGROUND

In his Amended Complaint, Kenneth Warn alleges that he was deceived by Sears into transferring $484,357.10 to her based on her false promises that she would make a handsome return on his investments. *See* ECF No. 4. The discovery dispute at hand involves the scheduled deposition of Sears. On June 24, 2024, Warn filed a Motion to Allow a Remote Deposition of Sears. ECF No. 46. The Court granted the Motion, despite Sears's vigorous opposition. ECF Nos. 53, 54. Sears's remote deposition was scheduled for August 30, 2024, but Sears failed to appear. ECF No. 61 at 1.

## I. Motion to Compel Discovery and for Sanctions (ECF No. 61)

On September 17, 2024, Warn filed a Motion to Compel Discovery and for Sanctions, requesting that the Court (1) order Sears to pay $3,160.00 for costs and legal expenses of Warn, (2) dismiss Sears's counterclaims with prejudice, (3) enter judgment against Sears as to Warn's claims, and (4) order "whatever other relief" the Court finds appropriate. ECF No. 61 at 2.

Warn argues that, pursuant to the Court's order on July 24, 2024 (ECF No. 54), Sears was required to attend a remote deposition. ECF No. 61 at 1. Warn says he and Sears had arranged, via email, for the deposition to occur on Zoom on August 30, 2024, at 11:00 a.m. *Id.* Warn gave notice and later reminded Sears of that arrangement, and Sears never objected. *Id.* Nevertheless, Sears failed to appear for the deposition. *Id.* Instead, about ten minutes after the arranged time, Sears emailed Warn stating that the deposition was canceled due to what Warn describes as "inappropriate reasons not sustainable by the Local Rules" of the Court. *Id.* at 2. When Sears failed to appear for the deposition by 11:30 a.m., Warn's counsel dictated a record of that fact to the court reporter who had been hired to record the deposition. *Id.* Warn made other subsequent attempts to contact Sears via phone and email, but Sears only responded with two "incoherent" emails. *Id.*

## II. Response in Opposition (ECF No. 62)

In her Response in Opposition to Warn's Motion to Compel Discovery and for Sanctions (ECF No. 62), Sears makes several arguments why the motion should be denied and/or why she had not appeared for the deposition on August 30, 2024. *Id.* Sears's main argument appears to be that she learned from Warn and his counsel that there was an "ongoing Maryland State Attorney's Investigation" as to which she was seeking "clarification or explanation." *Id.* at 2. In an "expedited email document" that Sears attached to her response, she apparently explained to Warn that, because she was "under investigation," she would "not be subjected to a Deposition at this time."

2

*Id.* at 5. Sears appeared to argue that she needed "clarification of a conflict with dual testimony, entrapment" or self-incrimination. *Id.* at 2.

Sears also argues that she was "required" to confirm that she would be attending the deposition on August 29—the day before the arranged deposition date. *Id.* at 1. Because Sears did not confirm her attendance, she argues, she "deemed the set Deposition canceled." *Id.*

Sears also argues that she needed "a minimum of (5) days" before the deposition to review the documents that she had received from Warn—documents which she had obtained two days prior to the arranged deposition date. *Id.* at 2.

Sears also alludes more than once to letters that she sent to Warn after the arranged deposition date but before Warn filed the current motion: (1) a "Letter of Status" dated September 6 and (2) a "Letter of Contentions and Dispositions" dated September 9. *Id.* at 3. Sears attached the letters to her response. The Letter of Status (labeled a "Pre-Filing Report") states that Warn has not provided "any substantial evidence" and has refused to answer interrogatories. *Id.* at 6. The "Letter of Contentions and Dispositions" states, among other seemingly unrelated points, that "Depositions and Interrogatories must be made equal" and that it is "unfair to subject (1) party to be deposed when the other side isn't obliging and making excuses." *Id.* at 10.

Finally, Sears says that a "Motion for Lack of Subject Matter Jurisdiction is forthcoming." *Id.* at 3. The only other information Sears provides as to this point is contained in her "Letter of Status." *Id.* at 7. There, Sears argues that she will show "official documents and receipts offsetting the Warn's claim to less than $75,000." *Id.* As of the date of this Opinion, Sears has not filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## DISCUSSION

While Sears has offered various reasons why she would not attend her deposition, she did not provide these reasons until about ten minutes *after* her deposition was scheduled. ECF No. 61 at 2. More importantly, she did not file a motion for a protective order, which might have excused her failure to appear for a discovery she deemed "objectionable." Fed. R. Civ. P. 37(d)(2). Sears may be *pro se*, but she seems to be making up the rules to suit herself as the case proceeds. The Court therefore has the authority to impose sanctions. Fed. R. Civ. P. 37(d)(1)(A). After considering the four-part test for Rule 37 sanctions, the Court will **GRANT IN PART AND DENY IN PART** Warn's Motion to Compel Discovery and for Sanctions—specifically granting Warn's request that Sears pay for the reasonable expenses of the hired court reporter and for the fees of his attorneys in preparing for the deposition.

### I. Legal Standard

A properly notified party must attend their deposition and may not excuse their failure to do so because "the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). District courts have "broad discretion" to impose sanctions when a party commits a discovery abuse. *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023) (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014)). When a party fails to appear for their deposition, a court "may, on motion, order sanctions." Fed. R. Civ. P. 37(d)(1)(A)(i).

Possible sanctions include dismissing an "action or proceeding in whole or in part" and entering a default judgment against the failing party. Fed. R. Civ. P. 37(b)(2)(A)(v)–(vi). If a court orders sanctions according to Rule 37(d), it "must require" the failing party, or their attorney, to "pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P.

37(d)(3). This requirement to pay expenses does not apply if the failure was "substantially justified" or if circumstances indicate that such payment would be "unjust." *Id.*

When considering what sanctions to impose under Rule 37, a court applies a four-part test. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001). First, it must assess "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

Regarding the first factor, bad faith has been found when the failing party engaged in repeated or prolonged violations of discovery. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989) (affirming the imposition of sanctions against defendants who exhibited "a pattern of indifference and disrespect"); *Anderson*, 155 F.3d at 504 (affirming sanctions after a party's "continued failure" to meet discovery deadlines); *Horsley v. FQSR, LLC*, No. 8:20-CV-03241-PX, 2022 WL 16746701, at *7 (D. Md. Nov. 7, 2022) (imposing sanctions on a *pro se* plaintiff who ignored discovery requests "for over five months"). Moreover, the Fourth Circuit distinguished a sanctionable "pattern of discovery abuse" from actions which may be attributable to "inadvertence or mistake." *Mey*, 71 F.4th at 220. Notably, however, the Fourth Circuit has also held that bad faith by the non-compliant party is not required to impose sanctions; it is only a factor to be considered. *L. Enf't All. of Am., Inc. v. USA Direct, Inc.*, 61 F. App'x 822, 831 (4th Cir. 2003).

The second factor pertains to prejudice caused to the adversary by the noncompliant party, including whether the information sought is relevant and material. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (affirming sanctions after defendants withheld information that the plaintiff needed

5

to "prove its case"). A court may also consider "expense, annoyance, and delay" to the adversary. *Anderson*, 155 F.3d at 505; *Mey*, 71 F.4th at 214.

As to the third factor, deterrence, the Fourth Circuit considers a sanction's deterrent effect on both the case at hand and on future cases. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 94. In *Mutual Federal Saving & Loan Association*, the Fourth Circuit justified a default judgment as a deterrent because it signals to litigants that "the judicial system will not tolerate repeated misconduct never wholly remedied." *Id.* The Fourth Circuit has sometimes found deterrence to future litigants, in the imposition of lesser sanctions, including the award of costs and fees. *See Jones v. Campbell Univ.*, No. 21-1921, 2023 WL 34172, at *1 (4th Cir. Jan. 4, 2023) (upholding sanction of costs and fees because of "a significant need to deter parties from unilaterally deciding not to attend a properly scheduled deposition").

As to the fourth factor where there has been noncompliance, the Fourth Circuit encourages the trial court to first consider sanctions that are not as consequential as default judgment. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995). As for dismissal and default judgment as possible sanctions, "the district court's range of discretion is more narrow" regarding these sanctions' imposition. *Horsley v. KBP Invs.*, No. 22-2185, 2024 WL 3200712, at *1 (4th Cir. June 27, 2024) (citing *Mey*, 71 F.4th at 218). This is because a "party's rights to trial by jury and a fair day in court" are implicated. *Id.* Accordingly, default judgment should be reserved for "only the most flagrant case." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. In fact, for a lesser sanction such as fee-shifting for reasonable expenses, a court may order the payment of certain expenses, such as the cost of a court reporter, but not others, such as attorneys' fees. *Uribe v. Aaron's, Inc.*, No. GJH-14-0022, 2014 WL 5797795, at *4 (D. Md. Nov. 5, 2014) (finding that the ordered payment of a court reporter expense but not attorney's fees was "equally as likely to deter").

Judges in this District have imposed fee-shifting sanctions for a range of discovery abuses, including failure to provide documents, failure to answer interrogatories, and failure to appear for deposition. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 90; *Horsley*, 2022 WL 16746701, at *6; *Diamond v. Bon Secours Hosp.*, No. WMN-09-865, 2010 WL 11549876, at *4 (D. Md. Apr. 15, 2010). In *Horsley*, for instance, the District Court ordered a *pro se* plaintiff to compensate the defendant for a court reporter cancellation fee after the plaintiff failed to appear for his deposition. 2022 WL 16746701, at *1. Notably, the plaintiff had not been cooperating with discovery for "over five months" and had filed a "litany of frivolous motions." *Id.* at *7. In addition to a fee-shifting sanction, the District Court dismissed the plaintiff's complaint; the Fourth Circuit later affirmed the sanctions. *Horsley v. KBP Invs.*, No. 22-2185, 2024 WL 3200712, at *1 (4th Cir. June 27, 2024).

## II. Sears Must Compensate Warn for the Court Reporter Expense and Legal Costs

After consideration of the four-part test for Rule 37 sanctions, the Court will order Sears to immediately compensate Warn for the expense of the court reporter ($410.00) as well as for Plaintiff's stated legal costs ($2,750.00).

Sears simply has not followed the Court rules. She appears to make up her rules whenever it suits her to do so. Her nonappearance is not attributable to "inadvertence or mistake" either. *Mey*, 71 F.4th at 220. The apparent main reason Sears gives for her failure—a purportedly ongoing criminal investigation—is one that Sears previously proffered as an excuse to not be deposed. ECF No. 36 at 3. The Court took note of that alleged reason but nonetheless permitted Warn to file a motion for a remote deposition. ECF No. 44 at 3–4. Additionally, Sears cites no basis for her belief that the deposition would simply be canceled with no consequence if she did not confirm her attendance. ECF No. 62 at 1. Rules do not work that way. Her other reasons—needing more time

to review documents, perceived unfairness in discovery, and supposed lack of subject matter jurisdiction—seem nothing less than manufactured for the occasion and, in any event, were not raised until *after* the time of deposition had passed. ECF No. 61 at 2.

The Court also finds Sears's failure to appear for deposition was prejudicial to Warn. Sears's deposition is clearly material to Warn's case; he alleges she breached a contract with him, made fraudulent misrepresentations, and breached her fiduciary duty to Warn, costing him thousands of dollars. ECF No. 10 at 3. The "150 pages of documentation" giving Sears a "preview of the issues" about which she was to be questioned is a clear indication of the importance of taking her deposition. ECF No. 61 at 1. Prejudice to Warn of course also occurred in the form of having to hire and compensate the court reporter for the deposition, pay for his attorney to prepare for and attend, and the overall delay in litigation. *Id.*

The Fourth Circuit in *Jones* made clear that there is "a significant need to deter" individuals from failing to appear for their depositions. 2023 WL 34172, at *1. Sears, again acting as her own rulemaker, made a unilateral decision to not appear for a deposition as to which she was properly notified. ECF No. 61 at 1–2. Sears clearly has to be deterred from engaging in such shenanigans in the future.

Warn requests that Sears pay $3,160.00 in total expenses. ECF No. 61 at 2. This $3,160 consists of $410.00 for a hired court reporter and "$2,750 in legal costs preparing for the deposition."[1] ECF No. 61 at 2. The Court finds this request eminently reasonable.

The time has come for Sears to take this litigation seriously. She needs to follow the rules. She is not the decider of which obligations she will abide by. Her abuse of the legal process stops here and now.

---

[1] Plaintiff's counsel arrives at this cost by multiplying his hourly rate of $275.00 by 10 (for the number of hours he prepared). ECF No. 61-2 at 1.

Sears's counterclaims will not be dismissed at this time. A sanction of dismissal or default judgment should be preserved for the "most flagrant case" and should ideally be preceded by a warning. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92; *Young Again Prod., Inc. v. Acord*, 459 F. App'x 294, 302 (4th Cir. 2011). But that warning is given here. Further conduct on Sears's part of this nature may well lead to both dismissal of her counterclaims and entry of default judgment against her as to Warn's claims.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that:

1. Warn's Motion to Compel Discovery and for Sanctions (ECF No. 61) is **GRANTED IN PART AND DENIED IN PART**;

2. Sears shall promptly pay Warn the amount of $3,160 as a result of failing to show up, without justification, for a scheduled and properly noticed deposition.

A separate Order will **ISSUE**.

November 13, 2024

PETER J. MESSITTE
U.S. District Judge