# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KENNETH J. WARN,

      Plaintiff,

v.

JANAY SEARS,

      Defendant.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

Civil No. 23-2466-BAH

## MEMORANDUM OPINION

Plaintiff and counterclaim defendant Kenneth J. Warn ("Warn") brought suit against self-represented Defendant and counterclaim plaintiff Janay Sears ("Sears") alleging breach of contract (Count I), fraudulent misrepresentation (Count II), and breach of fiduciary duty (Count III). ECF 4. Sears has asserted three counterclaims against Warn including breach of contract (Count I), quantum meruit (Count II), and promissory estoppel (Count III). ECF 7. Pending before the Court are thirteen motions. Warn has filed two motions for sanctions, ECF 73 and 93, a motion to establish a hearing date, ECF 83, a motion for attorney's fees, ECF 89, and two motions requesting a status conference, ECFs 99 and 100. Sears has filed a "motion to hear," ECF 77, a motion to dismiss for lack of subject matter jurisdiction, ECF 78, two motions "to discipline Plaintiff's counsel," ECFs 90 and 92, a motion for a protective order, ECF 91, a motion "to disqualify Plaintiff's counsel," ECF 96, and a "motion to stay or dismiss proceedings due to criminal trial," ECF 101. Numerous responses and replies have been filed to the pending motions. *See* ECF 88 (Warn's response to ECF 78); ECF 94 (Warn's response to ECF 91); ECF 95 (Warn's response to ECF 90); ECF 97 (Warn's response to ECF 96); ECF 98 (Sears' reply); ECF 102 (Warn's response

to ECF 101).[1]  The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).  Accordingly, for the reasons stated below, all thirteen motions will be **DENIED**.

## I.   BACKGROUND

The Court adopts the summary of the facts set forth by the late Judge Messitte in his first memorandum opinion in this case.  *See* ECF 10, at 1–4.  The Court, however, offers a brief overview of the procedural history of this case.

Warn filed his initial complaint pro se on September 11, 2023, ECF 1, and an amended complaint on September 28, 2023, ECF 4.  Despite no record that Sears was properly served, Sears filed a motion to dismiss, ECF 6, and an answer asserting three counterclaims against Warn, ECF 7.  Warn filed a "motion to deem [Sears] served," ECF 9, which was granted, ECF 10 (memorandum opinion); ECF 11 (order).  Shortly thereafter, the Court issued a scheduling order, ECF 12, and Warn filed an answer to Sears' counterclaims, ECF 14, to which Sears filed a "rebuttal," ECF 16.  Sears also filed motions requesting a "bill of particulars," ECFs 17 and 19, and a "motion in limine," ECF 22, which were both denied, ECF 24.  In the order at ECF 24, Judge Messitte urged the parties to obtain counsel, and Warn did so.  *See* ECF 26 (appearance of David Schoen); ECF 31 (order granting Robert Loventhal's motion to appear pro hac vice, which Sears opposed, *see* ECF 32).

In May of 2024, Sears filed a motion to quash her proposed deposition and for a protective order, ECF 35, and a motion to disqualify counsel, ECF 36.  Because Warn sought to unilaterally impose a remote deposition, Sears' motion to quash was granted, and Warn was directed to file a

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

motion to take Sears' deposition remotely within thirty days. ECF 44, at 4. Sears' motion to disqualify counsel, however, was denied. *Id.* at 5–6. Warn then timely filed the motion for a remote deposition, ECF 46, and Sears filed a motion for a protective order objecting to the use of Zoom as a deposition platform, ECF 47. Sears also filed a motion for a "gag order against Plaintiff." ECF 49. Judge Messitte granted Warn's motion to take Sears' deposition remotely and denied Sears' motions. ECF 54, at 1. Judge Messitte also noted that "many of her recent filings come close to bordering on [] frivolous," "STRONGLY ADVISED" Sears "to consult with an attorney before filing any further '*pro se*' motions," and warned that "the Court will not hesitate to consider monetary or other sanctions under Rule 11 if the Court determines" any future filings to be "frivolous." *Id.* at 1–2 (capitalization in original). Sears then filed a motion to compel, ECF 55, which was denied as moot, and an amended motion to compel, ECF 56, which the Court struck from the record. *See* ECF 60.

Warn then filed a motion to compel discovery and for sanctions, alerting the Court that Sears failed to appear for a properly noticed deposition. ECF 61. The Court ordered Sears to pay Warn $3,160 in sanctions for her failure to show up for the deposition. ECF 63 (memorandum opinion); ECF 64 (order). Sears appealed the order to the United States Court of Appeals for the Fourth Circuit, which was denied because the order was not appealable. *See* ECF 69. On January 22, 2025, the case was reassigned to the undersigned.

There are now thirteen pending motions ripe for resolution. The Court resolves Sears' motions first and then turns to Warn's.

## II.   ANALYSIS

### A.   Sears' Motions

#### 1. Motions to Discipline Counsel (ECFs 90 and 92), Motion to Disqualify counsel (ECF 96), and Motion to Hear (ECF 77)

Sears has filed two motions "to discipline" counsel for Warn, Robert Loventhal ("Loventhal"), *see* ECFs 90 and 92, and a motion to disqualify Loventhal, *see* ECF 96. All three motions cite to Fed. R. Civ. P. 11, but generally pitch identical arguments, namely that counsel "did not [s]erve . . . the original complaint in September 2023," "counsel is located in Lake Forest, Illinois and not local to the State of Maryland . . . and relies on Pro Hac Vice admissions," and that Sears "has no hard copy documents to rely on from November 2023 through May 2025." ECF 90, at 1–2; ECF 92, at 1–2; ECF 96, at 1–2. Sears also moves for oral argument regarding her contention that Warn has failed to serve his filings. ECF 77, at 1.

Under Fed. R. Civ. P. 11(c)(1), this Court may "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "Rule 11 only imposes sanctions for presenting papers to the court for an improper purpose or if they lack evidentiary support." *Brownscombe v. Dep't of Campus Parking*, 203 F. Supp. 2d 479, 485 (D. Md. 2002).

The Court also notes that this is not the first time Sears has moved to disqualify Warn's counsel. *See* ECF 36. In her previous motion to disqualify, Sears similarly took issue with Loventhal's location in Illinois, asserting that he was "practicing in Illinois without being licensed to do so by the Illinois bar." ECF 44, at 5. As was noted by Judge Messitte:

> Disqualification is a drastic remedy since it deprives litigants of their right to freely choose their own counsel. In assessing a motion to disqualify, the court must strike a balance between the client's free choice of counsel and the maintenance of the

4

highest and professional standards of the legal community. As a result, the moving
party bears a high standard of proof to show that disqualification is warranted.

*Id.* (internal quotation marks omitted) (first quoting *Gross v. SES Americom, Inc.*, 307 F. Supp. 2d

719, 722 (D. Md. 2004); then quoting *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md.

1995); and then quoting *Lloyd v. Baltimore Police Dep't*, 729 F. Supp. 3d 494, 499 (D. Md. 2024)).

Sears' prior motion to disqualify counsel was denied as she failed to meet "the high standard of

proof required to show that disqualification [wa]s warranted." *Id.*

The Court addresses each of Sears' arguments in turn. First, it is undisputed that Sears was

not properly served with the initial complaint. *See* ECF 95, at 1 (agreeing that Warn did not serve

Sears with the initial complaint). But all questions related to service of the complaint were

previously resolved on December 18, 2023, when Warn's motion to deem Sears served, ECF 9,

was granted by Judge Messitte.[2] *See* ECF 11. As such, counsel has done nothing improper in this

regard and no sanction is warranted.

Second, Sears' argument for disqualification based on counsel's location in Illinois is

without merit. Sears does not provide any basis for her assertion that counsel's location or

"rel[iance] on Pro Hac Vice admissions" warrants sanctions or disqualification. ECF 90, at 2; ECF

92, at 2; ECF 96, at 2. To the contrary, Loventhal was *required* to either be a member of the Bar

of this Court or to seek pro hac vice admission to appear on Warn's behalf. *See* Loc. R. 101.1(b)

(D. Md. 2025). Loventhal formally moved for admission pro hac vice, ECF 30, which the Court

granted, ECF 31. Disqualification or discipline is not warranted on this basis.

---

[2] Loventhal was also not representing Warn at the time the complaint was filed. *See* ECF 31
(granting Loventhal's motion to appear pro hac vice on May 15, 2024, well after the initial
complaint was filed). On January 21, 2026, Loventhal withdrew as counsel for Warn. *See* ECF
103.

Third, Sears asserts that she "has no hard copy documents to rely on from November 2023 through May 2025," and requests that Warn's counsel "submit all filings [to Sears] in hard copy format." ECF 90, at 2; ECF 92, at 2; ECF 96, at 2. Sears also asks for oral argument on this issue. ECF 77, at 1. Warn, however, responds that Sears "provided consent to receive all documents electronically on 01/02/2024" and, pursuant to that consent, "all filings were sent to [Sears] electronically." ECF 95, at 1. The docket reflects, as Warn contends, that Sears consented to receive notice and service electronically on January 2, 2024. *See* ECF Notification on January 2, 2024 (noting that "Janay Sears consents to receive notice and service electronically"). Sears, however, subsequently rescinded this consent on December 12, 2024, by filing correspondence titled "Defendant's Changes to Electronic Filing Status" and noting that "Defendant will submit all documentation, requests, filings via 1st Class Mail only beginning on December 5, 2024." ECF 68, at 1–2. Sears has since changed course and again consented to receive notice and service electronically as of December 15, 2025. *See* ECF Notification on December 16, 2025 (noting that "Janay Sears consents to receive notice and service electronically"). As such, to the extent the argument that the alleged failure to provide filings in "hard copy format" is cognizable, it would only implicate those filings docketed between December 12, 2024, and December 16, 2025.

The docket reflects that Certificates of Service were appended to all of Warn's filings within this time period. The Court observes that certificates of service for six of Warn's filings indicate that the filings were sent via electronic mail and not postal mail. *See* ECF 75, at 1 (certificate of service for motion for sanctions reflecting service by "by electronic mail"); ECF 79-1, at 1 (motion for extension of time reflecting service by "by electronic mail"); ECF 83-1, at 1 (motion for hearing reflecting service by "by electronic mail"); ECF 88-3, at 1 (response in opposition to Sears' motion to dismiss reflecting service by "by electronic mail"); ECF 89-1, at 1

(motion for attorney's fees reflecting service by "by electronic mail"); ECF 100-1, at 1 (motion for status conference reflecting service by "by electronic mail"). Warn represented that Sears was, however, served with hard copies for four of Warn's filings during this period as the certificates of service reflect that the relevant filings were sent "by electronic mail and regular." *See* ECF 93-1 (motion for attorney's fees and sanctions); ECF 94-1 (response in opposition to Sears' motion for protective order); ECF 95-1 (response in opposition to Sears' motion to discipline counsel); ECF 99 (motion for a status conference, sent "by email and by mailing it to" Sears). Further, Sears unquestionably received a copy of Warn's response in opposition to Sears' motion to disqualify counsel at ECF 97, since Sears filed a reply, *see* ECF 98.

The issue of service hinges on whether Warn's emailing of the relevant filings complies with the dictates of Fed. R. Civ. P. 5, which addresses "serving and filing pleadings and other papers." Fed. R. Civ. P 5(a)(1)(D), lists "a written motion, except one that may be heard ex parte" among the types of filings that "must be served on every party[.]" *See also* Loc. R. 102.1(c) (D. Md. 2025) (requiring that "all court documents other than the original complaint must bear a signed certificate signed by counsel stating that the service required by Fed. R. Civ. P. 5(a) has been made"). Fed. R. Civ. P. 5(b)(2)(E) permits service by "other electronic means," including email, but requires that such electronic service be "consented to in writing[.]" *See RE/MAX, LLC v. M.L. Jones & Assocs., Ltd.*, No. 5:12-CV-00768-D, 2014 WL 5460609, at *2 (E.D.N.C. Oct. 27, 2014) ("E-mail service is only effective if the parties have consented in writing to accept electronic service.") (citing Fed. R. Civ. P. 5(b)(2)(E)). The advisory committee notes to the relevant rule leave no doubt that service by electronic means is only proper when written consent is obtained, and "[t]he consent must be express, and cannot be implied from conduct." *See* Fed. R. Civ. P. 5(b) advisory committee note to 2001 amendment. "Accordingly, express written consent to

7

service by 'other electronic means' is required before service can be effected in that manner." *Roe v. Marshall Univ. Bd. of Governors*, No. 3:22-CV-00532, 2024 WL 1054671, at *1 (S.D.W. Va. Mar. 11, 2024) (collecting cases).

As noted, the docket does not reflect that Sears consented to service by email or other electronic notification from December 5, 2024 through December 16, 2025. *See* ECF 68, at 1. Warn's response to the portion of the motion at ECF 90 that raises the issue of service suggests that he overlooked Sears' filing at ECF 68 withdrawing her consent for electronic delivery. *See* ECF 95, at 1 ("Defendant provided consent to receive all documents electronically on 01/02/2024. Pursuant to Ms. Sears['] consent, all filings were sent to Plaintiff[] electronically."). However, the Court explicitly warned Warn that Sears was no longer "receiving electronic notification" of filings on April 4, 2025. *See* ECF Notification on April 4, 2025. Moreover, the email addresses that copies of the disputed filings were sent to by Warn (janay0825@outlook.com and janaystclair@gmail.com) differ from the email address that Sears has provided to the Court (jnysears@outlook.com). As such, it appears that either by mistake or otherwise, Warn did not properly serve Sears with the filings at ECF 73 (motion for sanctions), ECF 79 (motion for extension of time), ECF 83 (motion for a hearing), ECF 88 (response in opposition to Sears' motion to dismiss), ECF 89 (motion for attorney's fees), and ECF 100 (motion for status conference). Thus, the Court turns to the question of a proper remedy.

Although Sears' motions is styled as one seeking sanctions, the relief Sears seeks as it relates to the alleged non-service of filings is an order requiring "counsel [for Warn] to submit all filings submitted by his office in hard copy format to the Defendant from the commencement of filings to this record and to be sent via 1st Class USPS service to the Defendant's address as listed on this record" and a "reasonable time" to review these hard-copy filings. ECF 90, at 2–3; ECF

92, at 2–3. The Court will not grant Sears' motion as it relates to filings that were served electronically from January 2, 2024 through December 12, 2024, as well as any such filings docketed after December 16, 2025, since Sears expressly consented to the electronic receipt of filings during that time period.[3] The Court will, however, direct Warn's counsel to mail Sears hard copies of the filings that were not mailed to her address of record during the period that she revoked consent to electronic delivery, specifically ECFs 73, 79, 83, 88, 89, and 100, and any attachments thereto.

The Court also denies Sears' request for further time to review the documents. As will be discussed below, Warn's motions filed during this time period will be denied, so there is no need to grant Sears further time to review them. Also, one of the filings that Sears purportedly did not receive by mail is a response in opposition to her motion at ECF 78, and the Court "does not have any obligation to wait for a reply brief before ruling on a pending motion." *Awah v. Mansfield Kaseman Health Clinic*, Civ. No. PX-21-938, 2023 WL 3198116, at *2 (D. Md. May 2, 2023) (citing *White v. Date Trucking, LLC*, Civ. No. ELH-17-1177, 2018 WL 11469493, at *2 (D. Md. July 20, 2018) (denying motions before receiving full briefing to save time)). As such, the Court will deny Sears' request for more time to review Warn's responses before ruling on the corresponding motion and considers the matter of service to be closed now that Sears has again indicated that she consents to receive notice and service electronically.

---

[3] Sears' demand for counsel to mail hard copies of "all filings" from the inception of this case is overbroad because she previously consented to electronic delivery. *See* ECF 90, at 2; ECF 93, at 2. In noting Sears' consent to electronic delivery, the Court explicitly recommended "that all documents received electronically be printed or saved for future reference." *See* ECF Notification on January 2, 2024. Per the Court's warning, Sears should have printed and saved filings if she wanted to retain hard copies of these filings.

As to Sears' call for disqualification of Warn's counsel, the Court notes that Sears again

fails to meet "the high standard of proof required to show that disqualification is warranted." ECF

44, at 5. A motion for sanctions "is appropriate only in instances of *egregious* misconduct." *Scott*

*v. Lori*, Civ. No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) (emphasis added).

Sears has not identified any such misconduct by counsel as the only colorable allegation was the

apparent failing to mail hard copies of a few filings, an error that can be easily remedied through

the mailing of the documents.

Moreover, "the filing of a frivolous motion for sanctions is itself sanctionable conduct."

*Id.* "And although self-represented litigants are held to less stringent standards than attorneys . . .

they are not exempt from Rule 11's strictures." *Id.* (first citing *Haines v. Kerner*, 404 U.S. 519,

520 (1971); and then citing *Hill v. SJC LLC*, 1:16-cv-00193, GLB-TCB, 2017 WL 4476831, at *1

(E.D. Va. July 28, 2017)). The frivolity of Sears' motions seeking discipline or disqualification

of counsel is evidenced by the fact that she raises identical arguments in all three motions and

seeks a draconian remedy for relatively minor allegations of misconduct. Sears is forewarned that

motions for sanctions are not to be filed "as a matter of course." Loc. R. 105.8(a) (D. Md. 2025).

Thus, Sears' continued filing of unjustified motions for sanctions may result in sanctions being

imposed, but *on Sears*, not Warn. *Id.* ("The Court will consider in appropriate cases imposing

sanctions upon parties who file unjustified sanctions motions."). Beyond the directive to mail

relevant filings to Sears, the motions at ECFs 90, 92, and 96 are denied, and Sears' request for oral

argument on the service issue is denied as moot.

### 2. Motion to Dismiss (ECF 78)

Sears moves to dismiss the amended complaint for lack of subject matter jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the "amount in controversy

is less than the standard threshold of $75,000." ECF 78, at 3. Federal Rule of Civil Procedure

12(b)(1) allows a party to move to dismiss a complaint for lack of subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F.Supp. 676, 679 (D. Md. 1996)).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Here, the amended complaint asserts subject matter jurisdiction on the basis of diversity. ECF 4, at 1. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1).

Challenges to the Court's subject matter jurisdiction may be facial, where the Court looks only to the assertion of jurisdiction as pled in the complaint, or factual, where the Court must resolve underlying factual disputes that implicate the Court's subject matter jurisdiction. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Sears notes the difference between a facial and factual challenge but does not explicitly assert which type of challenge she raises. ECF 78, at 2. The Court construes Sears' motion as raising a facial challenge because she does not argue "that the jurisdictional allegations of the complaint are not true." *Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009) (citing *Adams*, 697 F.2d at 1219). Instead, Sears argues that Warn "has not shown" certain aspects of the amount in controversy, and appears to allege that some of the allegations underlying this lawsuit occurred when both she and Warn were residents of Maryland. *See* ECF 78, at 3–6. As such, the Court will construe Sears' challenge as a facial one and "make all reasonable inferences in the plaintiff's favor." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D.

11

Md. 2003) (citing *DeBauche v. Virginia Commonwealth University*, 7 F. Supp. 2d 718, 721 (E.D. Va. 1998)).

The Court first addresses the claim that Warn has failed to allege a sufficient amount in controversy. ECF 78, at 3. In the ordinary course, the "sum claimed by the plaintiff controls" the amount in controversy determination. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Fourth Circuit has noted that a defendant seeking dismissal of a diversity action for lack of a sufficient amount in controversy must prove "'the legal impossibility of recovery' to be 'so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981)).

Warn alleges that Sears took "a total of $487,357.10" from him in "an investment scam," ECF 4, at 3 ¶ 23, an amount in controversy well over the $75,000 threshold for diversity jurisdiction. Sears asserts that Warn "has not shown the breakdown of funds," "the origin or sources of obtaining those funds," or "a complete disclosure statement of when the parties refund, reimburse or return said funds." ECF 78, at 3. These assertions fail to meet the "heavy burden" of showing a "legal impossibility of recovery." *JTH Tax, Inc.*, 624 F.3d at 638. The amended complaint provides a detailed summary of the amounts Warm claims Sears fraudulently took from him, including the dates and circumstances of each alleged event. *See* ECF 4, at 2–3. These amounts add up a sum in excess of $75,000, commencing with the alleged deposit of $20,000 on August 10, 2021, and alleging that, "eventually, by May 2, 2023 . . . [Warn] had invested a total of $475,000.00" in "funds . . . given directly to [Sears]." *Id.* at 2. As such, Warn has pled sufficient jurisdictional facts for the Court to conclude that the amount in controversy is over $75,000. *See ARCO Nat'l Constr., LLC v. MCM Mgmt. Corp.*, Civ. No. ELH-20-3783, 2021 WL 4148456, at

*11 (D. Md. Sept. 10, 2021) (explaining "a jurisdictional challenge to an amount in controversy specified in the suit will fail if 'a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000'" (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002))).

Sears "contends that the sum total in dispute is less than $12,000." ECF 78, at 4. However, "[a] mere dispute over the mathematical accuracy of [Warn's] damages calculation" does not negate Warn's good faith claim for damages. *See JTH Tax, Inc.*, 624 F.3d at 638. Sears fails to "show 'to a legal certainty' that the claim is really for less than the jurisdictional amount" so as to "divest the court of jurisdiction." *Morris v. Naugle*, 722 F. Supp. 1285, 1286 (D. Md. 1989) (citing *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289).

Though difficult to decipher, Sears appears to challenge both personal jurisdiction and diversity of citizenship. *See* ECF 78, at 5–6 (asserting lack of personal jurisdiction but citing "28 USC §1332 Diversity Jurisdiction"). As Judge Messitte previously explained, Sears waived any personal jurisdiction defense by failing to raise it in her responsive pleadings filed in November of 2023, namely the filings at ECF 6 (Sears' motion to dismiss) and ECF 7 (Sears' answer). *See* ECF 10, at 4 n.5; *Cf. Cap. Funding, LLC v. Lipschutz*, Civ. No. CCB-18-0215, 2019 WL 6037068, at *3 n.5 (D. Md. Nov. 14, 2019) ("A party waives the defense of lack of personal jurisdiction by failing to timely raise it in their responsive pleading." (citing Fed. R. Civ. P. 12(h)). To the extent Sears attempts to challenge personal jurisdiction yet again, that challenge fails for the same reasons Judge Messitte already explained.

Sears also appears to argue that diversity jurisdiction does not apply because "[Sears] was removed by [Warn] as a resident of the same domicile [in Maryland] during the period in question." ECF 78, at 5. As noted, diversity jurisdiction of federal courts extends to civil actions

between "citizens of different states." 28 U.S.C. § 1332(a)(1). Importantly, citizenship for purposes of diversity jurisdiction "depends on the citizenship of the parties *at the time suit is filed.*" *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) (emphasis added); *see also Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) ("Because diversity jurisdiction depends on the citizenship status of the parties at the time an action commences, we must focus our jurisdictional inquiry solely on that time."). Sears does not argue that she was a Maryland citizen at the time the suit was filed, merely that she and Warn resided in Maryland in the time period during which certain of the events at the heart of the case occurred. *See* ECF 78, at 5 (alleging that Sears resided in Maryland from January 2023 continuing through May 22, 2023). In fact, Sears concedes that "after May 22, 2023, [Sears] would be considered a resident of the District of Columbia." ECF 78, at 6. To the extent that Sears still believes she is a Maryland resident and should be treated as such for purposes of diversity jurisdiction, "citizenship is an 'objective matter,' not dependent on the parties' subjective beliefs." *Agbi v. 7 Eleven Corp. Off.*, Civ. No. DKC-25-656, 2025 WL 3237442, at *3 (D. Md. Nov. 20, 2025) (citing *Hager v. Gibson*, 108 F.3d 35, 41 (4th Cir. 1997)). Based on the explicit concession that Sears appears to have resided in Washington, D.C. for many months when the complaint was filed in September of 2023, the Court concludes that Warn has properly alleged diversity of citizenship sufficient to establish jurisdiction in federal court.[4]

---

[4] The Court recognizes that "[s]tate citizenship for diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (citation omitted). "While residence does not always reflect citizenship, . . . it may be an aspect of domicile for purposes of determining citizenship." *WG/Welch Mech. Contractors, LLC v. Int'l Ass'n of Sheet Metal, Air, Rail & Transportation Workers, Loc. Union 100 - Sheet Metal Div.*, 684 F. Supp. 3d 432, 436 (D. Md. 2023) (citing *Axel Johnson, Inc.*, 145 F.3d at 663). Given Sears' explicit concession that she was domiciled in Washington, D.C. at the time the suit was filed, the Court agrees that Warn has met his burden of

Sears also contends that subject matter jurisdiction fails because of "the statute of limitations," and raises arguments regarding the merits of Warn's amended complaint. ECF 78, at 3. Although a statute of limitations argument is not relevant to an analysis of diversity of citizenship, the Court will nonetheless address it here. As noted by Warn, the Maryland law applicable to the claims here provides for a statute of limitations of three years. ECF 88, at 2 (citing Md. Code Ann., Cts. & Jud. Proc. § 5-101). Warn contends that the contracts at issue are "dated July 22, 2022, and May 14, 2023," *id.*, while Sears counters that the agreement was dated "August 2021," ECF 78, at 2. Either way, the allegations in the complaint fall well within the three-year statute of limitations period, as the complaint was filed on September 11, 2023. *See* ECF 1 (initial complaint). Dismissal of the complaint for statute of limitations reasons is not warranted. The remainder of Sears' arguments in favor of dismissal go to the merits of Warn's claims and are not appropriate to address at this time. Regardless, they do not alter the Court's conclusion that it has subject matter jurisdiction over this action. Sears' motion to dismiss at ECF 78 is DENIED.

### 3. Motion for Protective Order (ECF 91)

Sears seeks a protective order "to delay any out of court depositions corresponding to this case matter" because of a "criminal indictment" filed against her.[5] ECF 91, at 1–2. Warn opposes

---

"alleging facts sufficient to establish federal subject-matter jurisdiction." *SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 690 (E.D. Va. 2011).

[5] Sears appears to allege that Warn's counsel is responsible for initiating criminal charges against her. ECF 91, at 1–2 (alleging the filing of "a criminal case in another jurisdiction . . . by legal counsel for the Plaintiff"). However, Maryland Judiciary Case reflects that it was the State of Maryland that filed criminal charges against Sears for theft, securities fraud, and embezzlement. *See State of Maryland v. Janey Sears*, Criminal Case No. C-15-CR-25-000409 (Cir. Ct. Montgomery Cty. April 17, 2025) (Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (Under "Search By Case Number," enter case number "C15CR25000409"; then select "Search") (last visited Jan. 29, 2026);

the motion, asserting that it is "another untimely and frivolous attempt to avoid her deposition." ECF 94, at 1.

Federal Rule of Civil Procedure 26 generally permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, Rule 26 also provides for the issuance of protective orders when "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in this action," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.* (b)(2)(C). In moving for a protective order, the moving party must demonstrate that there is "good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (c)(1).

Seeking to avoid being deposed, Sears has submitted numerous filings requesting that the Court quash or delay her deposition. *See* ECFs 35 (motion to quash deposition), 47 (motion for protective order), 62 (opposition to motion to compel deposition). Most recently, Sears failed to appear for a properly noticed deposition scheduled for August 30, 2024, and was sanctioned as a result. ECF 63, at 8. Notably, at the time she failed to appear for her 2024 deposition Sears raised the argument that she could not sit for the deposition because she was "under investigation" by the "Maryland State Attorney" and had concerns of self-incrimination. ECF 62, at 2. The instant request is more of the same and, yet again, Sears fails to establish good cause to continue to delay her deposition.

---

*see also Waters v. Randolph*, Civ. No. GLR-17-2960, 2018 WL 337757, at *1 (D. Md. Jan. 9, 2018) (taking judicial notice of facts from Maryland Judiciary Case Search).

As a threshold matter, the discovery sought by deposition of Sears is within Rule 26(b)(1)'s scope as it is relevant and proportional to the active claims and defenses since Warn's claims center around Sears' alleged conduct. As to whether a protective order is needed to avoid annoyance, embarrassment, oppression, or undue burden or expense, Sears "may always assert [her] Fifth Amendment rights, as applicable, to any discovery requests in which those rights are implicated." *Simmons v. Hall*, Civ. No. 1:20-3036-DCC-SVH, 2020 WL 6918329, at *2 (D.S.C. Nov. 23, 2020) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976)). But Sears "cannot simply refuse to even appear for a deposition based on a fear, even if legitimate, of criminal prosecution based on [her] deposition testimony." *United States v. Twenty-Nine Pre-Columbian & Colonial Artifacts from Peru*, No. 13-21697-CIV, 2015 WL 1518033, at *4 (S.D. Fla. Apr. 2, 2015), *aff'd on other grounds*, 695 F. App'x 461 (11th Cir. 2017). Instead, she has "the ability to assert [her] Fifth Amendment privilege on a question-by-question basis at the deposition." *Id.* Accordingly, Sears' motion for a protective order is DENIED.[6]

### 4. Motion to Stay (ECF 101)

Sears moves to stay, or alternatively dismiss, the proceedings, asserting that "Plaintiff has filed [a] criminal case against the Defendant." ECF 101, at 1. Warn opposes Sears' motion, arguing that "there is no basis in any applicable rule to seek dismissal" and that a stay would be prejudicial to Warn given Sears' "lengthy campaign to avoid testimony in this matter." ECF 102, at 2.

---

[6] Sears argues that Warn is engaging in "harassment and unfairness" by asking her "to submit to an out of court [d]eposition." ECF 91, at 1. The Court disagrees as a deposition of the kind Warn seeks is par for the course for civil litigation and his request appears to comport with the requirements of Fed. R. Civ. P. 30 and Guideline 4 of Appendix A to the Local Rules, which govern the scheduling of depositions.

As a threshold matter, dismissal of this civil case is not warranted even if the criminal case proceeding in the Circuit Court of Montgomery County embraces similar facts. "Because of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D.W. Va. 2005)). Moreover, "the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings." *Id.* "Rather, it is within the court's discretion whether to stay civil cases on this basis." *Infotek Corp. v. Preston*, Civ. No. CCB-18-1386, 2021 WL 4521330, at *1 (D. Md. Oct. 4, 2021) (quoting *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 557–58 (E.D. Va. 1995)). And "[w]hile courts should attempt to accommodate a litigant's Fifth Amendment concerns, 'a stay is improper if the opposing party demonstrates that it will result in genuine, substantial prejudice to its interests.'" *Id.* (quoting *In re Phillips, Beckwith & Hall*, 896 F. Supp. At 558).

"[J]udges in this District have tended to use one of two similar, multifactor tests in determining whether a stay of civil proceedings is appropriate due to parallel criminal proceedings." *Consumer Fin. Prot. Bureau v. Access Funding, LLC*, Civ. No. ELH-16-3759, 2022 WL 1556096, at *4 (D. Md. May 16, 2022). The tests are quite similar and "follow essentially the same approach of balancing competing interests to determine whether the movant's interest in a stay is outweighed by the prejudice faced by the non-moving party." *Id.* (quoting *Infotek Corp.*, 2021 WL 4521330, at *2). Factors the Court may consider include: "(1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case including whether the defendants have been indicted; (3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of, and the burden on,

the defendant; (5) the interest of the courts; and (6) the public interest."[7] *Id.* (quoting *In re Royal Ahold N.V. Securities & Erisa Litig.*, 220 F.R.D. 246, 253 (D. Md. 2004)). "The decision to grant or deny such a stay involves competing interests . . . and an inquiring court must take a careful look at the idiosyncratic circumstances of the case before it." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004) (citing *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).

Sears asserts that a stay is warranted because there is a pending criminal case against her that involves a "significant factual overlap" with this civil matter. ECF 101, at 1. The Court acknowledges that Sears has been indicted, and the issues in the criminal and civil case appear to overlap—two factors which favor granting a stay. *See supra* note 5. Nevertheless, balancing the remaining factors set forth above and considering the circumstances of the case, the Court concludes that a stay is not appropriate at this time.

First, the potential harm to Warn supports denial of a stay. Warn asserts that he has already "lost his retirement funds due to [Sears'] theft." ECF 102, at 4. This case has also been ongoing since 2023 and Warn faces mounting attorneys' fees associated with this years-long litigation, including fees arising from Sears' dilatory tactics to avoid being deposed. *See* ECF 73 (requesting $7,800 in attorney's fees); ECF 89 (requesting $2,100 in attorney's fees); ECF 93 (requesting $1,800 in attorney's fees); *see also* ECF 63, at 7 (commentary by Judge Messitte that Sears "has not followed the Court rules" and "appears to make up her rules whenever it suits her to do so").

---

[7] The five-factor test considers: "(1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs if delay [sic]; (2) the burden on defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest." *Access Funding, LLC*, 2022 WL 1556096, at *4 (quoting *In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981)).

"The danger . . . of needlessly drawing out litigation is clear: 'witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time.'" *Vales v. Preciado*, Civ. No. DKC-05-3110, 2007 WL 9782569, at *2 (D. Md. Apr. 13, 2007) (quoting *Mid-Atlantic Toyota*, 92 F.R.D. at 359). A no-doubt lengthy stay also creates a risk that Sears "will have fewer monetary resources available for Plaintiff to collect on any financial judgment." *Access Funding, LLC*, 2022 WL 1556096, at *5 (quoting *Avalon Communities, Inc. v. San Jose Water Conservation Corp.*, Civ. No. 07-306, 2007 WL 2481291, at *2 (E.D. Va. Aug. 27, 2007)). As such, the potential prejudice to Warn weighs against granting a stay. *Cf. Infotek Corp.*, 2021 WL 4521330, at *3 (finding a stay improper where the defendant "continued to incur legal fees while remaining in civil litigation limbo for more than three years").

The Court's and the public's interests also weigh against a stay. "[T]he Court has an interest in the expeditious conclusion of a matter that has long been pending on its docket." *Access Funding, LLC*, 2022 WL 1556096, at *5. The delay sought by Sears has the potential to be quite long, as she requests that the civil case "resume after the criminal trial has adjudicated or dismissed." ECF 101, at 2. Sears' criminal trial has already been canceled and rescheduled several times and is now currently set to begin on July 2, 2026. A stay of half a year, or potentially more if the trial is again rescheduled, does not serve the Court's or the public's "strong interest in the prompt, effective, and efficient administration of justice." *Id.* (quoting *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978)); *see also United States v. Hasting*, 461 U.S. 499, 527 (1983) (recognizing "the important judicial and public interest in the orderly and efficient administration of justice").

The Court recognizes that Sears raises legitimate Fifth Amendment concerns. However, Sears was supposed to be deposed in August of 2024, before any criminal charges were filed, and

20

"stays are generally not granted before indictments have issued." *Goldstein v. Hindle*, Civ. No. CJC-21-3124, 2025 WL 1785854, at *4 (D. Md. June 26, 2025). Granting a stay now that Sears has been indicted so she can continue to avoid being deposed for an indefinite period would essentially reward Sears' dilatory tactics to avoid her deposition and, as noted, prejudice Warn by subjecting him to further delay including increasing fees in this litigation. As Warn notes, Sears "may invoke her fifth amendment protection against self-incrimination in this matter." ECF 102, at 3; *cf. Vales*, 2007 WL 9782569, at *3 (denying a stay and allowing discovery to proceed noting that the movant could "invoke[] the Fifth Amendment to refuse to answer"). Accordingly, Sears' motion to stay the case is DENIED.

### B.    Warn's Motions

Warn has filed six motions, including motions for a hearing and/or status conference, ECFs 83, 99, and 100, a motion for attorney's fees, ECF 89, and two motions for sanctions and attorney's fees, ECFs 73 and 93. For the reasons stated below, all of Warn's motions will be denied.

The Court has determined that no hearing is necessary to resolve the pending motions, *see* Loc. R. 105.6 (D. Md. 2025), so the motions at ECFs 83, 99, and 100 requesting a hearing or status conference are denied.

Warn has also filed motions seeking sanctions and attorney's fees. ECF 73 (seeking sanctions for Sears' failure to pay attorney's fees and for the filing of an interlocutory appeal); ECF 89 (seeking an award of "$2,100 for the time and expense of opposing [Sears'] motion to dismiss"); ECF 93 (seeking sanctions for Sears' filing of a motion for a protective order and for Sears' filing of motions to discipline or disqualify counsel). Warn asserts that Sears "has not paid the original sanction of $3,160" and that her appeal of the sanctions order was "frivolous in the extreme as the Court's order was not appealable." ECF 73, at 1–2. Warn also contends that "denial of [Sears'] motions is insufficient to put an end to [her] wholly frivolous, insubstantial and

meritless attempts to avoid responsibility for her fraud." ECF 93, at 1. Warn requests that Sears "be ordered to pay the November 2024 sanction," she "pay additional attorney's fees," her counter claims be dismissed, and she be considered in "default as to [Warn]'s claims against her." ECF 73, at 2.

As noted, the Court has concerns that Sears may not have received Warn's motions for sanctions as Sears has not responded to them. *See* ECFs 77, 90, and 96; *cf. Webb v. Green Tree Servicing, LLC*, Civ. No. ELH-11-2105, 2013 WL 5442423, at *1 (D. Md. Sept. 30, 2013) (explaining that the Court "cannot resolve the Sanctions Motion until plaintiff responds to it, if and as ordered by the Court"). As it is not clear from the docket whether Sears received and reviewed the motions seeking sanctions, they are denied without prejudice.[8]

The Court takes notice of Warn's allegation that Sears has not paid the sanctions previously ordered by Judge Messitte in November of 2024. *See* ECF 64 (ordering Sears to "promptly pay Warn the amount of $3,160 as a result of failing to show up, without justification, for a scheduled and properly noticed deposition"). The Court advises Sears that she may be subject to contempt of court for failure to abide by Judge Messitte's order. *In re General Motors Corp.*, 61 F.3d 256,

---

[8] This Court may "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). However, Rule 11 includes a "safe harbor" provision, which requires "[t]he party seeking sanctions [to] serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." *Boshea v. Compass Mktg., Inc.*, Civ. No. ELH-21-309, 2025 WL 3033933, at *13 (D. Md. Oct. 30, 2025) (quoting *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004)). It is unclear whether the "safe harbor" provision would apply to Sears' appeal, and, if so, whether Warn complied with it. *See id.* ("The Fourth Circuit has made clear that, '[w]hen a Rule 11 movant fails to serve the other party twenty-one days prior to filing a motion for sanctions with the court, sanctions should be denied.'" (quoting *Truelove v. Heath*, 86 F.3d 1152, 1996 WL 271427, at *2 (4th Cir. 1996)). It is similarly unclear whether Warn asked Sears to withdraw her motion to dismiss. Since the motions for sanctions are denied without prejudice, the Court need not address this issue.

258 (4th Cir. 1995). As such, the Court will order Sears to show cause, within twenty-one (21) days of the filing of this order, as to why she should not face sanctions for failing to comply with Judge Messitte's order to pay Warn $3,160. If Sears has satisfied this obligation, Sears may so advise the Court. If not, Sears must explain why she has not done so.

## III.    CONCLUSION

For the foregoing reasons, the motions at ECFs 73, 77, 78, 83, 89, 90, 91, 92, 93, 96, 99, 100, and 101 are all DENIED, with Warn's motions related to sanctions and fees denied without prejudice. Warn's counsel is DIRECTED to mail the filings at ECFs 73, 79, 83, 88, 89, and 100 to Sears at her address on record. Sears is separately ORDERED to show cause, within twenty-one (21) days, as to why she should not face an additional sanction for failing to satisfy Judge Messitte's November 13, 2024 order that she "promptly pay Warn the amount of $3,160" to cover costs associated with Sears' missed deposition.

This matter has been pending since September of 2023 and the Court will not countenance further delay. Accordingly, the parties are directed to file a status report with a proposed schedule within twenty-one (21) days. If Sears does not respond to Plaintiff's counsel's efforts to contact her to set a schedule, as counsel has previously alleged, *see* ECF 73, at 1, Plaintiff's counsel may submit a proposed schedule.

A separate implementing order will issue.

Dated: January 30, 2026

Brendan A. Hurson
United States District Judge

23