IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| | * |
| KENNETH J. WARN, | |
| | * |
| Plaintiff, | |
| | .* |
| v. | |
| | *     Civil No. 23-2466-BAH |
| JANAY SEARS, | |
| | * |
| Defendant. | |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

Plaintiff Kenneth Warn ("Warn") has accused Defendant Janay Sears ("Sears") of failing to comply with an order entered by Judge Messitte on November 13, 2024, which ordered Sears to "promptly pay" Warn "the amount of $3,160" as a sanction to cover costs associated with Sears' missed deposition. ECF 73 (motion for sanctions), at 1; ECF 64 (order to pay costs). On January 30, 2026, the Court advised "Sears that she may be subject to contempt of court for failure to abide by Judge Messitte's order," and ordered her to show cause within 21 days why she should not face sanctions for failing to comply with the order. ECF 105, at 22–23. Three days later, Sears filed a "response to sanction order to show cause and discharge the order." ECF 108, at 1 (capitalization altered). Warn filed a reply. ECF 109. The Court addresses the parties' arguments below.

## I.     BACKGROUND

In her response to the show cause order, Sears sets forth several arguments, many of which were already considered by Judge Messitte prior to his order imposing sanctions on Sears, including Sears' perceived grievances with the scheduling of her missed deposition. ECF 108, at 2–3; *see also* ECF 63, at 8 (noting that Sears' reasons for refusing to appear for the deposition

"seem nothing less than manufactured for the occasion and, in any event, were not raised until *after* the time of deposition had passed (emphasis in original)). Sears also argues that she "was made to believe . . . there would be a hold on any monetary sanctions prior to the Final Judgment," and that "[t]he Sanction Order has not been received by the Defendant from the Court." ECF 108, at 3–4. In reply, Warn argues that Sears' deficient "response provides 'cause' for why she must be held in contempt for failing to abide by Judge Messitte's Order . . . and why additional sanctions should be ordered." ECF 109, at 2. Warn does not specify what those additional sanctions should be.[1] *See id.*

On February 26, 2026, Warn also filed a supplemental status report, informing the Court that Sears filed a complaint with the Attorney Grievance Commission of Maryland against Warn's counsel, Mr. David Schoen. ECF 114, at 1. In that complaint, which is attached to Warn's filing, Sears represents that Mr. Schoen "made an appearance in Montgomery County, Maryland Circuit Court," and "filed and entered a Criminal Complaint against" Sears.[2] *Id.* at 8. Sears also alleges that Mr. Schoen (and Mr. Robert Loventhal, who no longer represents Warn in this action) have "worked in partnership to craft a narrative that is prejudicial, fraudulent, and lacks factual merits" and "to collect, extort, or blackmail" Sears. *Id.* at 9. Sears requests disciplinary action against Mr. Schoen for "(Ethics) violations and malicious prosecution" including "Discipline, Reprimand or

---

[1] However, the Court notes that Warn's previously filed motion for sanctions requested attorney's fees for Sears' failure to pay the $3,160 sanction. *See* ECF 73. The Court denied that motion without prejudice in its order to Sears to show cause why she should not face additional sanctions. *See* ECF 106.

[2] Sears also alleges that Mr. Schoen "appeared in a Civil Case in the U.S. District Court in Greenbelt, Maryland, November 2024" and "filed an Opposition as an Appellee against" Sears "in the Eastern District of Virginia, Appeals Court in December 2024." ECF 114, at 8. Though not entirely clear, Sears presumably refers to the instant action and her interlocutory appeal of Judge Messitte's order to the Fourth Circuit. The Fourth Circuit dismissed Sears' appeal. *See* ECF 69.

Disbarment." *Id.* at 10 (alteration in original). Warn's counsel asserts that "[t]he Bar Grievance Ms. Sears filed . . . reflects a whole new level of harassment." *Id.* at 3.

## II.   **LEGAL STANDARD**

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Dickens v. Conner*, Civ. No. SAG-23-177, 2024 WL 4135388, at *3 (D. Md. Sept. 10, 2024) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)). "The Supreme Court has noted that the inherent power to sanction 'must be exercised with restraint and discretion.'" *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). "Accordingly, '[s]anctions may be awarded only in the face of misconduct of some sort.'" *Id.* (quoting *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 146 (4th Cir. 2020)).

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Redner's Mkts., Inc. v. Joppatowne G.P. LP*, 608 F. App'x 130, 131 (4th Cir. 2015); *see also Schwartz v. Rent-A-Wreck of Am.*, 261 F. Supp. 3d 607, 612 (D. Md. 2017). "Before a Court may make a finding of civil contempt, there must be clear and convincing evidence of the following: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) the decree was in favor of the party moving for contempt; (3) the alleged contemnor violated the terms of the decree by [her] conduct and had knowledge, at least constructive knowledge, of such violations; and (4) the moving party was harmed by the violation." *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Robinson*, 123 F. Supp. 2d 965, 976 (W.D.N.C. 2000) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)), *aff'd sub nom. Christian Sci. Bd. of Directors of First Church of Christ,*

3

*Scientist v. Nolan*, 259 F.3d 209 (4th Cir. 2001). Once there is a showing of these elements, the burden shifts to the contemnor to demonstrate she "ma[de] in good faith all reasonable efforts to comply with" the Court's order. *United v. Ali*, 874 F.3d 825, 832 (4th Cir. 2017).

## III.   ANALYSIS

Although neither Sears nor Warn directly address the elements of civil contempt, there exists clear and convincing evidence of all four elements. First, Judge Messitte's order is a valid decree which Sears had actual knowledge of, despite Sears' contention that "[t]he Sanction Order has not been received by the Defendant from the Court." ECF 108, at 3. It is evident that Sears received and has actual knowledge of the order, since Sears has appealed and now litigates that very order. *See* ECF 65 (notice of Sears' interlocutory appeal of ECF 63 and ECF 64). Second, Judge Messitte's order was in Warn's favor, as it ordered Sears to "promptly pay Warn the amount of $3,160 as a result of failing to show up, without justification, for a scheduled and properly noticed deposition." ECF 64, at 1. And as to the fourth element, Warn has experienced harm as a result of Sears' failure to abide by the order, as Warn has been burdened with the costs incurred from Sears' failure to appear at her deposition for over a year. *Id.* (order issued on November 13, 2024); *cf. Life Techns. Corp. v. Life Techs. Corp.*, Civ. No. RWT-10-3527, 2014 WL 4219479, at *4 (D. Md. Aug. 22, 2014) (finding harm where the plaintiff "ha[d] been unable to promptly and economically obtain relevant necessary information to prosecute its case, ha[d] incurred substantial additional attorney fees and costs, and ha[d] been impaired in its calculation of the amount of monetary damages sustained in this matter"). Sears, however, appears to challenge the third element by alleging that she did not know that she violated Judge Messitte's order. ECF 108, at 4. The Court is not persuaded by Sears' arguments.

4

"In determining whether there was a violation of a court order, there is no requirement that the violation was willful." *De Simone v. VSL Pharms., Inc.*, Civ. No. TDC-15-1356, 2020 WL 4368103, at *3 (D. Md. July 30, 2020), *aff'd*, 36 F.4th 518 (4th Cir. 2022). "Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act." *Id.* (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). "[B]ecause intent is irrelevant, the order allegedly violated must be one that sets forth in 'specific detail an unequivocal command.'" *Id.* (quoting *In re General Motors Corp.*, 61 F.3d 256, 258–59 (4th Cir. 1995)). "A party therefore should not be found in civil contempt where there is 'a *fair ground of doubt* as to the wrongfulness of [their] conduct.'" *Id.* (quoting *Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019)) (emphasis in *Taggart*). However, "a party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." *Taggart*, 587 U.S. 554.

Sears first represents that she filed an interlocutory appeal of Judge Messitte's order to the United States Court of Appeals for the Fourth Circuit on November 18, 2024, which "was [d]enied and remanded to the lower Court." *Id.* She then says she "refiled the appeal en banc in December 2024" and that the Fourth Circuit "denied to hear the En Banc and remanded the Order back to the lower Court, January 2025." ECF 108, at 3. While true that Sears filed an interlocutory appeal that was dismissed, and then filed for a rehearing en banc that was denied, it is not accurate that the order was "remanded to the lower Court" for any further action as Sears represents. *See id.* The appeal was dismissed for lack of jurisdiction. *See* ECF 69-2, at 2 (granting Warn's motion to dismiss the appeal because "[t]he order Sears seeks to appeal is neither a final order nor an

appealable interlocutory or collateral order"); *see also Warn v. Sears*, No. 24-2145, 2025 WL 314115, at *1 (4th Cir. Jan. 28, 2025).

Nevertheless, Sears does not contest that she has not complied with Judge Messitte's order, nor does she argue that his order failed to "set[] forth in 'specific detail an unequivocal command.'" *De Simone*, 2020 WL 4368103, at *3 (quoting *In re General Motors Corp.*, 61 F.3d at 258–59). Nor could she. Sears was unequivocally ordered to "promptly pay Warn" $3,160. ECF 64, at 1. Sears nonetheless argues that she was not required to satisfy the order because she "was made to believe the Interlocutory Appeal was filed prior to Final Judgment and there would be a hold on any monetary sanctions prior to the Final Judgment." ECF 108, at 4. This argument is unconvincing. Even if Sears held this mistaken belief, "[a]n act does not cease to be a violation of a law and of a decree merely because it may have been done innocently." *McComb*, 336 U.S. at 191. "Parties in litigation must promptly comply with orders of the court, even if the party believes that order to be incorrect." *Sonoco Prods. Co. v. Guven*, No. 4:12-CV-00790-BHH, 2014 WL 5474633, at *4 (D.S.C. Oct. 28, 2014) (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]ll orders and judgments of court must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal.")). "As the Fourth Circuit has stated, '[t]he judicial system's need for order and finality requires that orders of courts having jurisdiction to enter them be obeyed until reversed, even if proper grounds exist to challenge them.'" *Id.* (quoting *Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255 (4th Cir. 1997)). Sears was required to *promptly* pay Warn, regardless of any pending appeal. She did not do so. And once her appeal

6

was dismissed, there was no question remaining that Sears was required to pay Warn the $3,160 sanction. Months have passed since then, and Sears still has not done so.[3]

Ordinarily, the Court might chalk this up to a misunderstanding based on Sears' pro se status. But Sears has a documented history in this action of failing to follow the Court's rules, including refusing to appear for the deposition which led to Judge Messitte imposing a sanction in the first place. *See* ECF 63, at 7 ("Sears simply has not followed the Court rules. She appears to make up her rules whenever it suits her to do so."), at 8 ("The time has come for Sears to take this litigation seriously. She needs to follow the rules. She is not the decider of which obligations she will abide by. Her abuse of the legal process stops here and now."). Sears has also made multiple unfounded attempts to sanction or disqualify Warn's counsel, *see* ECFs 36, 90, 92, 96, and Sears' complaint to the Attorney Grievance Commission about Mr. Schoen serves as further indication of the depth Sears is willing to sink to in her efforts to delay this litigation.

In sum, the Court finds that there was no misunderstanding here, especially given that Sears provides no reason beyond her dismissed appeal as to why she supposedly believed there was "a hold on any monetary sanctions." ECF 108, at 4. Moreover, once the Court informed Sears that she "may be subject to contempt of court for failure to abide by Judge Messitte's order," Sears was once again on notice that she needed to pay Warn immediately. *See* ECF 105, at 22. Instead of promptly doing so, Sears provided objectively unreasonable excuses for her failure to comply.[4]

---

[3] To the extent Sears believed that the Court was required to enter a renewed order ordering her to pay Warn, there are no conceivable grounds for this belief, and she provides no support for any such assumption.

[4] "A good faith attempt to comply . . . is a defense to a civil contempt order," as is "substantial compliance or the inability to comply." *Su v. Med. Staffing of Am., LLC*, No. 2:18-CV-226, 2023 WL 8261389 (E.D. Va. Nov. 29, 2023) (citing *Consolidation Coal Co. v. Loc. 1702, United Mineworkers of Am.*, 683 F.2d 827, 832 (4th Cir. 1982)). Neither circumstance exists here.

*See Taggart*, 587 U.S. 554. Accordingly, the Court finds that all four elements of civil contempt are met.

"Civil contempt sanctions require nothing more than 'notice and an opportunity to be heard.'" *In re Sanctuary Belize Litig.*, Civ. No. PJM-18-3309, 2019 WL 5425496, at *2 (D. Md. Oct. 22, 2019) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821 (1994)). Although judges in this district sometimes do, "a court is not necessarily required to hold an evidentiary hearing before granting a civil contempt motion." *Redner's Markets*, 608 F. App'x at 131 (citing *In re Gen. Motors Corp.*, 110 F.3d 1003, 1015 (4th Cir. 1997)). Here, the Court notified "Sears that she may be subject to contempt of court for failure to abide by Judge Messitte's order" and gave Sears an opportunity to be heard on the matter by ordering her to show cause "why she should not face sanctions for failing to comply with" the order. ECF 105, at 22–23; *cf. Ledo Pizza Sys., Inc. v. Singh*, Civ. No. WDQ-13-2365, 2014 WL 1347113 (D. Md. Apr. 3, 2014) (finding an alleged contemnor had adequate notice and opportunity to be heard for the imposition of civil contempt sanctions where the contemnor was properly served a copy of the movant's motion seeking sanctions, even where the record did not show that the contemnor was served with a copy of the show cause order and the contemnor failed to appear at a show cause hearing). Sears filed a response to the order to show cause within three days, providing her reasons for her failure to comply with the order and thus has had the opportunity to be heard. *See* ECF 108.

"While an integral tool of the court, contempt is a severe remedy which should be invoked only when truly necessary." *Doe v. Herman*, No. CIVA 97-0043-B, 1998 WL 35113312, at *3 (W.D. Va. May 6, 1998) (citing *King v. Allied Vision. Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). "If contempt is found, the trial court has broad discretion to fashion a remedy." *Chesapeake Bank v. Berger*, No. 4:14CV66, 2014 WL 5500872, at *4 (E.D. Va. Oct. 30, 2014) (citing *In re General*

8

*Motors,* 61 F.3d at 259). "[S]anctions for civil contempt are remedial." *Boshea v. Compass Mktg., Inc.,* Civ. No. ELH-21-309, 2025 WL 3033933, at *27 (D. Md. Oct. 30, 2025) (citing *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 822 (4th Cir. 2004)). "The purpose of sanctions for civil contempt is 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *Id.* (quoting *In re General Motors Corp.,* 61 F.3d at 258). "Indeed, civil contempt sanctions are 'employed not to vindicate the court's authority but to make reparation to the injured party and restore the parties to the position they would have held had the injunction been obeyed.'" *Id.* (quoting *Vuitton et Fils S. A. v. Carousel Handbags,* 592 F.2d 126, 130 (2d Cir. 1979)). "'[I]n selecting contempt sanctions, a court is obliged to use the least possible power adequate to the end proposed,'" and any fine imposed "may not be punitive." *Id.* (quoting *Spallone v. United States,* 493 U.S. 265, 276 (1990)).

Civil contempt "sanctions can include coercive incarceration." *Id.* at *28 (citing *Harris v. McCarthy,* JKB-18-3562, 2021 WL 4133859, at *2 (D. Md. Sept. 10, 2021)). Indeed, "[t]he paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until [s]he complies with an affirmative command." *Bagwell,* 512 U.S. at 828. "In general, courts employ this severe remedy when the noncompliant individual has engaged in 'flagrant violations' of a court's orders." *Boshea,* 2025 WL 3033933, at *28. "A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order." *Bagwell,* 512 U.S. at 828.

Given that Sears is unrepresented and given her response to the Order to Show Cause, the Court is not convinced that Sears appreciates the severity of civil contempt and the sanctions that the Court could levy, including potential confinement. *Cf. 2023 B.R. Holdings, LLC v. Williams,* Civ. No. GLS-17-320, 2022 WL 768177 (D. Md. Mar. 14, 2022) (finding it "unlikely," where a

9

contemnor did not respond to a motion for sanctions, "that [the contemnor] appreciates that he may be found in contempt and subject to sanctions, including imposition of fines or arrest and incarceration until he complies with the Court's order"). Accordingly, the Court will provide Sears with **one final opportunity** to comply with Judge Messitte's order.

**Sears must pay Warn $3,160 no later than 5:00 pm on Thursday, April 23, 2026.** Upon payment, Warn shall file a notice with the Court advising that this order has been satisfied. If Sears fails to pay Warn by the deadline, Warn is DIRECTED to file a motion for civil contempt within fourteen days of the alleged non-compliance, explicitly noting the failure to pay the required amount and including requests for specific civil contempt sanctions. The Clerk is directed to MAIL a copy of this order to Sears at her address of record, and to counsel for Warn at the address specified in ECF 119.

Dated: <u>April 3, 2026</u>

<u>        /s/        </u>
Brendan A. Hurson
United States District Judge

10