IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH J. WARN, *

Plaintiff, *

v. *

JANAY SEARS, * Civil No. 23-2466-BAH

Defendant. *

* * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Kenneth Warn's ("Warn's") motion to hold Defendant Janay Sears ("Sears") in contempt. ECF 132. Sears filed an opposition, ECF 133, and Warn filed a reply, ECF 134. Sears filed a second opposition, ECF 135, which the Court construes as a surreply.[1] Also pending before the Court is Sears' motion for summary judgment. ECF 120. Plaintiff filed a response. ECF 122. Sears filed a reply. ECF 123. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Warn's motion for contempt is **GRANTED IN PART**, and he will be required to submit further evidence to support his request for attorney's fees. Further, Sears' counterclaims are **DISMISSED**. Sears' motion for summary judgment is **DENIED**.

[1] The Court will not consider the surreply, which was improperly filed without leave of Court. *See* Loc. R. 105.2(a) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed.").

# I. BACKGROUND[2]

## A. Factual Background

Judge Messitte, to whom this case was previously assigned, summarized the facts of this case in multiple prior opinions. *See* ECF 10; ECF 44; ECF 53; ECF 63. In sum, this is a breach of contract and fraud dispute between two former romantic partners. ECF 44, at 1. "In his Amended Complaint, Warn alleges that he was deceived by Sears into transferring $484,357.10 to her based on her false promises that she would make a handsome return on his investments." ECF 63, at 1. "Warn began his investments with Sears with a $200,000 check." ECF 10, at 2 (citing ECF 4, at 2 ¶ 7). Warn continued to make "additional investments," which "supplemented" the original agreement made between the parties. *Id.* (citing ECF 4, at 1–2 ¶¶ 6, 8). "In July 2022, the parties purported to make a written amendment to the Agreement, wherein Sears identified herself as Janey Sears-St. Clair, which differs from the name she specified (Janay St. Clair) in the original [a]greement." *Id.* (citing ECF 4, at 2 ¶ 10).

[2] By rule, a motion for summary judgment must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Or, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* (c)(1)(B). As best the Court can tell since her filing is difficult to follow, Sears appears to invoke the second part of the relevant rule to argue that Warn's *complaint* fails to establish that Sears committed fraud or breached a contract. ECF 120, at 6 ("Defendant asserts that the materials or documents presented in the Plaintiff's claim of Breach of Contract under the Fraud Claim, does not meet the parts of material fact in the record."). Deficiencies in a complaint, however, must be addressed in a motion to dismiss of the kind Sears previously filed, *see* ECF 78, and the Court already denied, *see* ECF 105 (memorandum opinion); ECF 106 (order denying motions). Regardless, since Sears fails to point to evidence in the record or to provide a coherent statement of alleged facts, the Court will piece together a narrative of facts from prior filings.

At Sears' alleged urging, Warn later took out a home equity line of credit and refinanced his home to obtain additional funds to invest with Sears. *Id.* (citing ECF 4, at 2 ¶ 11). Warn alleges that Sears told Warn that "he could expect a 'three-fold' return on his investments by 2023, and that he should expect a 'total principal of approximately' $1.2 million to $1.5 million. *Id.* (citing ECF 4, at 2 ¶ 12). "Sears apparently also told Warn that she had invested her own money in the 'larger entity' investment pool, and that [Sears'] sister (who supposedly works for Goldman Sachs) 'helped manage the investment pool.'" *Id.* (citing ECF 4, at 2 ¶¶ 13, 14). "By May 2023, Warn had given Sears approximately $475,000." *Id.* (citing ECF 4, at 2 ¶ 15). This allegedly "included $20,000 from an early withdrawal of Warn's retirement account, and a $55,000 withdrawal from his prior employer's 'Thrift Savings Account.'" *Id.* (citing ECF 4, at 2 ¶ 19). As Warn's investments increased, Sears allegedly "promised that Warn would receive a $25,000 'bonus' if the total sum he provided exceeded $500,000." *Id.* (citing ECF 4, at 3 ¶ 21).

According to Warn, Sears never returned the money he gave her and never "provided any documentation that the funds were actually invested or provided records of Warn's accounts and balances[.]" *Id.* at 2–3 (citing ECF 4, at 2 ¶¶ 16, 17). No promised "quarterly earnings" were provided to Warn and Sears claimed to be the "point of contact" for the investment pool. *Id.* at 3 (citing ECF 4, at 2 ¶ 17).

According to the amended complaint, Warn and Sears were "apparently also engaged in a romantic relationship," which Warn credits as the reason he invested with Sears. *Id.* (citing ECF 4, at 3 ¶ 20). Warn alleges that Sears made additional false statements, including claiming that she received a business degree from Harvard University and ran a successful trucking logistics business in West Virginia. *Id.* (citing ECF 4, at 3 ¶ 20). Warn alleges that in addition to the $475,000 he provided to Sears for investment purposes, Sears charged Warn for various fees, car

repairs, and cashed a "'promotional check' from Warn's credit card account," resulting in additional losses of nearly $9,000. *Id.* (citing ECF 4, at 3 ¶ 22).

### B. Procedural Background

Warn initially filed suit pro se. ECF 1. His complaint was amended on September 28, 2023. ECF 4. The amended complaint, which includes imbedded exhibits including financial documents, raises three claims: 1) breach of contract; 2) fraudulent misrepresentation; and 3) breach of fiduciary duty. *Id.* at 3–4 ¶¶ 24–34. Warn seeks $484,357.10 in damages. *Id.* at 4 ¶ 34. Sears filed a motion to dismiss and a "pre-service answer," which asserted three counterclaims: 1) breach of contract; 2) quantum meruit; and 3) promissory estoppel. ECF 7, at 2–4.

The background regarding Sears' conduct throughout this litigation and relevant to the sanctions dispute is provided in the Court's April 3, 2026, memorandum and order. ECF 125, at 1–3. In short, Sears has failed to comply with several Court orders requiring her to pay Warn $3,160 as a sanction to cover costs associated with Sears' missed deposition. ECF 64, at 1; ECF 125, at 10; ECF 131, at 6. The original sanctions order was entered in November of 2024 by Judge Messitte pursuant to Fed. R. Civ. P. 37(d). ECF 63, at 9; ECF 64, at 1. In January 2026, the Court warned Sears that she may be held in contempt if she did not pay the sanction as ordered and directed her to show cause why she should not face additional sanctions for failure to comply. *See* ECF 105, at 22–23. After Sears refused to pay the sanction, the undersigned ordered Sears twice in April of 2026 to pay Warn the $3,160 sanction no later than April 23, 2026. ECF 125, at 10; ECF 131, at 6. Despite numerous opportunities, Sears failed to do so and Warn now moves to hold Sears in contempt. ECF 132. As civil contempt sanctions, Warn requests an entry of default judgment against Sears, dismissal of Sears' counterclaims, and additional monetary sanctions to make up for expenses and attorney's fees Warn has expended in this litigation. *Id.* at 14.

On July 8, 2026, Warn notified the Court that Sears was criminally convicted for theft, securities fraud, and embezzlement—charges that arose from the same facts and circumstances involved in this civil complaint.[3] ECF 136, at 1. Sears was then held without bond at the Montgomery County Correctional Facility pending her sentencing, *Id.*; ECF 138, at 2. State corrections records reflect that after her sentencing, she was transferred to the Maryland Correctional Institute for Women (MCI-W), where she resides today.[4]

## II. LEGAL STANDARD

### A. Civil Contempt

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Redner's Mkts., Inc. v. Joppatowne G.P. LP*, 608 F. App'x 130, 131 (4th Cir. 2015); *see also Schwartz v. Rent-A-Wreck of Am.*, 261 F. Supp. 3d 607, 612 (D. Md. 2017).

> Before a Court may make a finding of civil contempt, there must be clear and convincing evidence of the following: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) the decree was in favor of the party moving for contempt; (3) the alleged contemnor violated the terms of the decree by [her] conduct and had knowledge, at least constructive knowledge, of such violations; and (4) the moving party was harmed by the violation.

---

[3] Online records reflect that Sears was sentenced to serve five years in custody, with fifteen years suspended. *See State of Maryland v. Sears*, Case No. C-15-CR-25-000409 (Cir. Ct. for Montgomery Cnty.), Maryland Judiciary Case Search, available at https://casesearch.courts.state.md.us/casesearch/case-detail-page?caseId=C15CR25000409; *see also* Fed. R. Evid. 201(b) (permitting judicial notice of state court proceedings); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (per curiam) (noting that a "district court may clearly take judicial notice of [state court] public records").

[4] *See* Incarcerated Individual Locator, https://dpscs.maryland.gov/services/ii-locator.shtml (reflecting that Janey Sears, DOC # 00511206; SID # 5886817 is housed at MCI-W) (last visited Oct. 28, 2026). As a self-represented litigant, Sears has an obligation to keep a current address on file. *See* L.R. 102.1(b)(iii). The Clerk of Court is instructed to send a copy of this opinion to Defendant Sears' attention at MCI-W, and Sears is reminded of her obligation to provide an updated address to the Court.

*Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Robinson*, 123 F. Supp. 2d 965, 976 (W.D.N.C. 2000) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)), *aff'd sub nom. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209 (4th Cir. 2001). "Although the movant has the initial burden of showing these elements by clear and convincing evidence, if he meets that burden, the burden of production shifts to respondent to raise a defense on an appropriate ground." *Schwartz*, 261 F. Supp. 3d at 613 (citing *United States v. Darwin Const. Co.*, 679 F. Supp. 531, 534 (D. Md. 1988)).

**B. Summary Judgment**

As it relates to summary judgment, Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

"Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine factual dispute exists." *Progressive Am. Ins. Co. v. Jireh House, Inc.*, 608 F. Supp. 3d 369, 372 (E.D. Va. 2022) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986)). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). Accordingly, "the mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam); *Scott v. Harris*, 550 U.S. 372, 378 (2007), and the Court "may not make credibility determinations or weigh the evidence," *Progressive Am. Ins. Co.*, 608 F. Supp. 3d at 373 (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007)). For this reason, summary judgment ordinarily is inappropriate when there is conflicting evidence because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002).

At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). "The existence of a mere scintilla of evidence in support of the nonmoving party as well as conclusory allegations or denials, without more, are insufficient to withstand a summary judgment motion." *Progressive Am. Ins. Co.*, 608 F. Supp. 3d at 372 (citing *Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

## III. <u>ANALYSIS</u>

### A. Motion for Contempt

Warn has established clear and convincing evidence of all four elements to hold Sears in contempt. The Court agrees with Warn that Sears has plainly violated *three* valid decrees ordering Sears to pay Warn $3,160 in sanctions. ECF 64, at 1; ECF 125, at 10; ECF 131, at 6. The Court

ensured that Sears had knowledge of the sanction by expressly giving her "**one final opportunity** to comply with Judge Messitte's order" and explaining the potential consequences should she fail to do so. ECF 125, at 9–10 (emphasis added). Her knowledge of each order is also apparent in her appeal of Judge Messitte's order, ECF 65 (notice of Sears' interlocutory appeal), and continued litigation of the sanction, *see* ECF 129; ECF 133; ECF 135. And as noted in the Court's previous memorandum and order, "Warn has experienced harm as a result of Sears' failure to abide by the order, as Warn has been burdened with the costs incurred from Sears' failure to appear at her deposition for over a year." ECF 125, at 4. As such, Warn has satisfied the necessary elements to hold Sears in civil contempt.

Sears fails to establish any convincing defense to a finding of contempt. Sears essentially argues that the sanction should not have been imposed, *see* ECF 133, at 1 (arguing that "Plaintiff's counsel could have remedied this issue by simply rescheduling" the deposition), that she has "exhausted any and all means of financial resources" at this time, *id.* at 2, and that "Warn is not a [v]ictim," *id.* The only relevant argument is Sears' alleged lack of funds to pay the sanction. "[T]he inability to comply" is a defense to a civil contempt order. *Su v. Med. Staffing of Am., LLC*, No. 2:18-CV-226, 2023 WL 8261389, at *3 (E.D. Va. Nov. 29, 2023) (citing *Consolidation Coal Co. v. Loc. 1702, United Mineworkers of Am.*, 683 F.2d 827, 832 (4th Cir. 1982)). Sears essentially argues that she is unable to comply with the sanctions order because she has "exhausted any funds or income towards legal defense" in her criminal case. ECF 133, at 2. However, Sears was indicted in her criminal case on April 17, 2025, five months after she was initially ordered to pay the sanction in November of 2024. *See State of Maryland v. Janey Sears*, Criminal Case No. C-15-CR-25-000409 (Cir. Ct. Montgomery Cnty. filed Apr. 17, 2025). As such, she had several months to satisfy the original sanction before she ever expended any funds related to her criminal

defense. That she has now, after avoiding her obligation for several years, exhausted her funds is not a persuasive defense. Denying Warn's motion for contempt on this basis would only serve to reward Sears for spending all of her money, knowing all the while that she owed Warn $3,160 pursuant to a court order. Accordingly, the Court finds Sears in civil contempt and turns to determining the appropriate sanction.

Warn requests attorney's fees, entry of default judgment on Warn's claims against Sears, and dismissal of Sears' counterclaims. *See* ECF 132, at 14. "The appropriate remedy for civil contempt is within the court's broad discretion." *Schwartz*, 261 F. Supp. 3d at 617 (citing *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995)). "The court 'may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *Id.* (quoting *In re Gen. Motors Corp.*, 61 F.3d at 259). As such, "a court can order 'the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees.'" *Id.* (quoting the same). "A compensatory sanction, however, cannot 'exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding.'" *Id.* (quoting the same). "While the moving party 'bears the burden of proving both the fact and the amount of its losses,' the amount of damages awarded in a contempt finding must only meet the preponderance of the evidence standard." *Id.* (quoting *In re Gen. Motors Corp.*, 110 F.3d 1003, 1016–1018 (4th Cir. 1997)).

The Court agrees with Warn that attorney's fees are an appropriate additional compensatory sanction for Sears' contumacy. Sears' "willful disobedience" of several court orders has risen to the requisite level of "obstinance and recalcitrance" to award attorney's fees. *See Columbia Gas Transmission Corp. v. Mangione Enterprises of Turf Valley, L.P.*, 964 F. Supp. 199,

204 (D. Md. 1996) ("A contemnor's refusal to comply with a Court Order must rise at least to the level of 'obstin[a]nce or recalcitrance' before attorney's fees can be ordered." (quoting *Omega World Travel, Inc. v. Omega Travel, Inc.*, 710 F. Supp. 169 (E.D. Va. 1989), *aff'd*, 905 F.2d 1530 (4th Cir. 1990))). Warn's counsel contends that "Sears' continued nonpayment of the sanctions money," among other things, "have caused and continue to cause [him] a tremendous amount of wasted time and effort in having to deal with them." ECF 134, at 4. However, other than pointing to several previously denied motions for attorney's fees, *see id.*, neither Warn nor his counsel have provided any evidence of the precise amount of attorney's fees and expenses claimed.[5] As such,

[5] Those motions for attorney's fees (ECFs 73, 89, and 93) were denied without prejudice because it was not clear Sears had received proper notice of them. *See* ECF 105, at 22. Warn may file new motions or otherwise seek to revive these motions (subject to the guidance herein) should he continue to seek these fees. However, the Court notes a couple issues with the previously filed motions.

First, it is not clear that all of the fees requested in ECF 73 are recoverable as the motion appears to seek fees for work unrelated to the sanctions issue and for work performed before a different court. Attorney Loventhal seeks fees for "reviewing pleadings, doing legal research and attempting to contact Defendant as well as communication with Plaintiff and my co-counsel, David Schoen." *See* ECF 73, at 26 ¶ 8. In addition to encompassing work beyond the sanctions issue, this practice of block billing—that is "grouping . . . several tasks together under a single entry, without specifying the amount of time spent on each particular task," *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006)—is "impermissible" and a "violation of *Hensley* [*v. Eckerhart*, 461 U.S. 424 (1983)]'s requirement that fee petitioners provide adequate documentation of their hours," *Guillen v. Armour Home Improvement, Inc.*, Civ. No. DLB-19-2317, 2024 WL 3877603, at *14 (D. Md. Aug. 20, 2024). Attorney Schoen also seeks fees for his work defending Sears' appeal, ECF 73, at 28–29, but he has not explained why *this* Court has the authority to impose sanctions for conduct before the Fourth Circuit. *See CarMax Auto Superstores, Inc. v. Sibley*, Civ. No. 16-1459, 2018 WL 4732974, at *3 (D. Md. Oct. 2, 2018) ("[T]he basic rule in the majority of courts of appeals is that '[t]he determination of the right to sanctions . . . for conduct during an appeal is reserved to the appellate court, although it may allow the trial court to fix the amount of the fees and costs.'" (quoting *In re Villa W. Assocs.*, 146 F.3d 798, 808 (10th Cir. 1998))), *aff'd in part, vacated in part on other grounds, remanded*, 767 F. App'x 462 (4th Cir. 2019).

Further, the motion at ECF 89 seeks fees associated with opposing the motion to dismiss for lack of subject matter jurisdiction. While Warn argues this motion was "brough[t] in bad faith and frivolous at best," he does not provide further argument that fees are warranted as to that

Warn's counsel must submit evidence, including an affidavit and billing records, in support of Warn's request for attorney's fees and expenses. Warn and his counsel are reminded that Warn may only seek fees or expenses that *arose directly from Sears' failure to pay the $3,160 sanction.* Such costs may include attorney's fees and costs associated with Warn's motion to compel (ECF 61), motion for sanctions (ECF 73), and motion for contempt (ECF 132). Warn should not attempt to claim attorney's fees or expenses related to the overall litigation of this case.[6] The Court will then determine whether the attorney's fees Warn requests are reasonable and recoverable. *See Columbia Gas Transmission Corp.*, 964 F. Supp. at 204 (analyzing the reasonableness of contempt-related attorney's fees). Counsel should review Appendix B of this Court's Local Rules to ensure the requested fees, supported by affidavit and billing records, are reasonable and recoverable.

As noted, Warn also requests entry of default judgment on Warn's claims against Sears and dismissal of Sears' counterclaims. *See* ECF 132, at 14. Courts have found sanctions beyond monetary fines appropriate where the imposition of a fine does not remedy the sanctionable conduct. *See Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015) ("Having found that an ongoing fine has proven futile, . . . the Court must consider a more severe sanction."); *Young Again Prods., Inc. v. Acord*, 459 F. App'x 294, 306 (4th Cir. 2011) (affirming district court's civil contempt finding (and order of incarceration until civil contempt purged) where contemnor "had knowledge of [monetary] sanctions, and he not only violated the district court's order to pay, but also failed to appear at the show cause hearing regarding his civil contempt and incarceration");

motion. *See* ECF 89, at 1. And while he refers the Court to the "Affidavit of Robert D. Loventhal enclosed herewith," *id.*, no such affidavit was filed with the motion.

[6] If Warn seeks to recover attorney's fees for litigating other motions (or other work by counsel), he must adequately demonstrate why such fees are recoverable.

*Talaria Co., LLC v. Duplessie*, Civ. No. 23-468-ABA, 2025 WL 1545350, at *2 (D. Md. Apr. 25, 2025) (awarding both injunctive relief and monetary relief, including default judgment, in finding defendant in contempt), *appeal dismissed*, No. 25-1597, 2026 WL 1507883 (4th Cir. Jan. 5, 2026).

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Dickens v. Conner*, Civ. No. SAG-23-177, 2024 WL 4135388, at *3 (D. Md. Sept. 10, 2024) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)). "The Supreme Court has noted that the inherent power to sanction 'must be exercised with restraint and discretion.'" *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). "Accordingly, '[s]anctions may be awarded only in the face of misconduct of some sort.'" *Id.* (quoting *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 146 (4th Cir. 2020)). "Sanctions pursuant to a court's inherent authority are appropriate where filings 'involve fraud, deceit, misrepresentation, harassment and unethical conduct.'" *Id.* (quoting *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 281 (4th Cir. 2022)). "Under the inherent power, a court may issue orders, punish for contempt, vacate judgments obtained by fraud, conduct investigations as necessary to exercise the power, bar persons from the courtroom, assess attorney's fees, and dismiss actions." *Id.* (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)).

"The Fourth Circuit has provided six factors for district courts to consider in evaluating dismissal as a possible sanction[.]" *Dickens*, 2024 WL 4135388, at *4. These factors include: the degree of the wrongdoer's culpability; the extent of the client's blameworthiness if the wrongful conduct is committed by is attorney, recognizing that we seldom dismiss claims against blameless

clients; the prejudice to the judicial process and the administration of justice; the prejudice to the victim; the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and the public interest. *Shaffer*, 11 F.3d at 462–63; *see also Rangarajan v. Johns Hopkins University*, 917 F.3d 218, 226 (4th Cir. 2019). "A court may dismiss a claim 'when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process.'" *Enovative Techs.*, 110 F. Supp. 3d at 638 (quoting *Shaffer*, 11 F.3d at 462). "The Court recognizes that dismissal of claims is a severe penalty, and the Court will only impose such a sanction under exceptional circumstances." *Id.*

The Court concludes that dismissal of Sears' counterclaims is appropriate here. Judge Messitte previously warned Sears that her "abuse of the legal process" may lead to dismissal of her counterclaims. ECF 63, at 9. Since that time, Sears has flagrantly violated multiple Court orders directing her to pay the sanction as discussed above. What's more, she has filed a number of frivolous motions, including baseless attempts to disqualify Warn's counsel, ECF 90; ECF 92; ECF 96, along with an unfounded and harassing bar complaint against Warn's counsel, *see* ECF 125, at 7.

Sears is the only individual culpable and blameworthy for this frivolous and harassing conduct as she proceeds pro se and has been warned multiple times to refrain from submitting frivolous filings. ECF 54, at 2; ECF 131, at 6. Sears' actions have also been prejudicial to the judicial process and the administration of justice. Although this action has been pending since September of 2023, *see* ECF 1, the Court has yet to reach the merits of Sears' counterclaims and instead has primarily focused on Sears' conduct in this litigation. *Enovative Techs.*, 110 F. Supp. 3d at 639 (finding a defendant's actions were prejudicial to judicial process where his "poor

conduct has kept the focus on his behavior, with little time left for litigating the actual claims"). Warn has been prejudiced by Sears' actions, as this matter has essentially stalled while he is yet to be compensated as directed two years ago, all while he incurs mounting legal fees by having to respond to Sears' frivolous filings. Moreover, his counsel has suffered from Sears' continued harassment and filing of a bar complaint. The public interest will also be served by dismissal of Sears' counterclaims as it will prevent her from wasting judicial resources. *Cf. Enovative Techs.*, 110 F. Supp. 3d at 639 (finding the public interest served in dismissal of counterclaims where the defendant "continue[d] to waste judicial, and thus taxpayer, resources while ignoring the Court's orders and abusing the opposing party"). While courts have ordered incarceration to coerce compliance with a prior order, *see, e.g.*, *id.* at 637, that remedy is not available here where Sears is already held in connection with criminal conviction.[7] Accordingly, the Court concludes that dismissal of Sears' counterclaims is warranted as a sanction based on Sears' abuse of the judicial process and pursuant to the Court's inherent authority.

However, the Court concludes that default judgment is not (yet) an appropriate sanction, especially given Sears' representation that she intends to continue litigating against Warn's claims. ECF 138, at 1 ("Defendant Sears, will remain diligent as to this case."). "The Court should refrain from such a severe sanction [default judgment] where other sanctions may rectify the wrong." *Enovative Techs.*, 110 F. Supp. 3d at 639–40 (ordering coercive incarceration, payment of attorney's fees, and dismissal of counterclaims, but declining to award default judgment). Accordingly, this request is denied without prejudice and Warn may again move for default

[7] Sears was not incarcerated, however, throughout the majority of the time period in question as state records reflect she was released on an unsecured personal bond before being held without bond on July 7, 2026, following her conviction.

judgment should Sears' conduct (including her failure to abide by Court orders and her litigation conduct writ large) warrant a renewed motion.

**B. Summary Judgment**

Sears has moved for summary judgment. ECF 120. In her filing, Sears concedes that she was previously in a "personal relationship" with Warn and contends that the "[a]lthough the parties largely agree on the facts, they differ widely on the applicable law." *Id.* at 1. The remainder of Sears' motion, and Warn's response thereto, reflects otherwise. For example, Sears claims that money given to her by Warn was "agreed funds for payments, reimbursements, trade-offs during the relationship, payments made by the Defendant to the Plaintiff, in lieu of services performed, legal work on behalf of the Plaintiff and contributions made by the Defendant during the relationship." *Id.* at 3-4. Warn counters that he "has alleged and supported [by] [d]eclaration claims that Sears stole his money through fraud and deception and breached her agreements with him and her fiduciary duties to him by lying about the purported investments she induced him to make and her overall scheme." ECF 122, at 5 (citing ECF 122-1, at 2–6, a sworn declaration by Warn). Warn contends that the factual dispute "between the parties is just about as material as it could be." *Id.* at 5. The Court agrees.

Putting aside the multiple procedural failings chronicled by Warn that plague Sears' motion,[8] ECF 122, at 4–5 (citing *G&G Closed Cir. Events, LLC v. Villalobos*, Civ. No. 23-3070-

---

[8] Sears' filing fails to meet her "initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which [she] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Plus, a portion of Sears' motion complains about "discovery insufficiencies" alleging that Warn's responses to Sears' interrogatories were insufficient. ECF 120, at 6. There is obviously some irony in Sears complaining of Warn's alleged failures to comply with discovery obligations when Sears herself has spent years ignoring discovery obligations and court orders. Regardless, her discovery objections are too vague to resolve as presented, and the time to raise disputes over

BAH, 2025 WL 2043666, at *2 (D. Md. July 21, 2025)), Sears fails show "that there is no genuine dispute as to any material fact and [she] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To the contrary, though unsworn and without citation to the record, Sears appears to suggest that there was no contract between her and Warn and that she never intended to "commit fraud."[9] ECF 120, at 3. Warn counters with a sworn affidavit asserting the opposite. *See* ECF 122-1, at 3 (noting an agreement between the parties to invest Warn's money); 5 (alleging that Sears charged unauthorized fees and penalties, charged Warn's credit card without permission, and cashed a promotional check without Warn's authority). Even assuming that Sears' motion was "properly made and supported," Warn has met his burden of "of showing that a genuine factual dispute exists." *Progressive Am. Ins. Co.*, 608 F. Supp. 3d at 373. Sears' motion for summary judgment is denied.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. Warn's motion to hold Sears in civil contempt, ECF 132, is GRANTED IN PART;
2. The Court finds Sears in civil contempt of Court;
3. Sears may purge such contempt by paying Warn the $3,160 previously ordered by Judge Messitte;

---

discovery compliance has passed. *See* ECF 113 (noting that non-expert discovery closed on July 31, 2026).

[9] To the extent that Sears argues that a breach of contract claim and a fraud claim cannot coexist, *see* ECF 120, at 3, the Court notes that "claims for fraud and breach of contract generally are legally distinct in that a fraud claim sounds not in contract, but in tort." *See Cybersecure IPS LLC v. Network Integrity Sys., Inc.*, Civ. No. 25-1940-TDC, 2026 WL 1724609, at *8 (D. Md. June 15, 2026) (citing Restatement (Third) of Torts: Liab. for Econ. Harm § 9 (2020)). "Indeed, plaintiffs often plead breach of contract and fraud claims arising out of the same facts, particularly when the fraud is based on a material misrepresentation of facts." *Id.*

4. Warn is entitled to attorney's fees for Sears' contumacy in an amount to be determined by the Court at a later date;

5. Warn shall submit record evidence supporting the amount of attorney's fees and expenses claimed within 30 days of this memorandum and order subject to the instructions explained above;

6. Sears' counterclaims are DISMISSED; and

7. Warn's motion to hold Sears in civil contempt, ECF 132, is DENIED IN PART WITHOUT PREJUDICE insofar as he requests default judgment.

8. Sears' motion for summary judgment, ECF 120, is DENIED.

9. The Clerk is DIRECTED to send a copy of this memorandum and order to:

Janey Sears
SID # 5886817
MARYLAND CORRECTIONAL INSTITUTION - FOR WOMEN
P.O. Box 535
Jessup, Maryland 20794

10. Sears is ORDERED to update the docket with a current mailing address.

Dated: October 29, 2026

/s/
Brendan A. Hurson
United States District Judge